*C. H. Burchenal,* for appellant.

*G. C. Holland, J. F. Kibbey* and *N. H. Johnson,* for appellee.

## SIDNER *v.* SPAUGH.

26 317
133 271

COSTS.—Where several issues are joined and some of them are found for the plaintiff and some for the defendant, the party in whose favor each issue is determined is entitled to recover costs upon that issue.

APPEAL from the *Bartholomew* Common Pleas.

ELLIOTT, J.—Suit by *Sidner,* the appellant, against *Spaugh,* on two promissory notes.

Answer in two paragraphs. First, payment. Second, set-off, being an account for $80, accompanied by a bill of particulars for goods, wares and merchandise sold to the plaintiff by *William T. Abbott,* and by him assigned to the defendant.

To the latter paragraph the plaintiff replied: 1. A general denial. 2. That the account was never the property of

said *Abbott*, and denying the assignment thereof to the defendant. 3. Payment of the account before the commencement of the suit. 4. That the plaintiff had paid $14 on the account, for which he was entitled to a credit.

The court to which the cause was submitted for trial, without a jury, found for the plaintiff, and that he was entitled to recover on the notes sued on the sum of $456 68, that being the amount of principal and interest due on said notes, after deducting the sum of $56 72, which the court found to be a proper credit as a set-off, under the second paragraph of the defendant's answer. And thereupon, on motion of the defendant, the court adjudged and taxed the costs occasioned by the trial of the issues presented by the replies to the second paragraph of the defendant's answer to the plaintiff, amounting to the sum of $286 95, to which the plaintiff excepted. This ruling of the court as to the costs is the only question presented to this court.

It is provided by statute that "where there are several causes of action embraced in the same complaint, or several issues, the plaintiff shall recover costs upon the issues determined in his favor, and the defendant shall recover costs upon the issues determined in his favor." 2 G. & H., § 400, p. 228.

Here, each paragraph of the reply to the second paragraph of the answer must be regarded as constituting a separate issue. The finding of the court for the defendant for $56 72, under that paragraph of the answer, was, in legal effect, a finding of at least the issues made by the first, second and third paragraphs of the reply in favor of the defendant. The items constituting the bill of particulars foot up $75 37. The finding of the court for the defendant was less than that amount, but whether it was caused by a failure of the defendant under the general denial to prove all the items, or by a reduction of the prices charged, or by proof of the credit claimed by the fourth paragraph of the reply, does not appear from the record. There was no direct finding of the court upon that issue. It was neces-

sarily disposed of in the general finding of the court, but how found, cannot be determined by the general finding. We cannot, therefore, say that it was found in favor of the plaintiff. But if it were otherwise, still we could not reverse the judgment of the court below in that respect, for the reason that it does not appear by the record that any costs were made upon that issue, and, it not appearing to the contrary, we must presume in favor of the action of the court.

The judgment is affirmed with costs.

*F. T. Hord*, for appellant.