# IN GENERAL TERM.

## JOSIAH LOCKE *v.* DAVID MUNSON, Appellant.

### Appeal from RAND, Judge.

### *Prayer for Specific Performance.*

Defendant, as owner of certain "Letters Patent," agreed to convey, and assign to plaintiff, all right, and title in and to said "Letters Patent," together with the ownership of the same for any extension of said Patent, in certain States and Territories, stipulating that plaintiff should pay one-half of the cost, including labor of any extension of Patent, * * if he desires to use said extension. Plaintiff demands conveyance, alleging pro rata payment of expenses.

Defendant answers, *First*, General denial; *Second*, By counter claim "for labor and expenses incurred in procuring extension."

Defense offered in evidence the original assignment of the Patent, by the defendant to the plaintiff, claiming that under this assignment he had already complied with the terms of the agreement to convey.

*Held:* That assuming it to be true, that this instrument would have shown compliance by defendant with the terms of his agreement, as set out in the bill, it was not admissible under the general issue.

*Pleading, when should be special.*—All defences, which admit a sufficient contract, or cause of action, but avoid it by subsequent matter, or show

that the cause of action has been discharged by payment, or perform-
ance, should always be specially alleged in answer.

*Answer, should be specific.*—The complainant, in a proceeding of this char-
acter, has a right to be informed by the answer, not only of the facts to
be proved, but of the use intended to be made of them, and of the
nature of the conclusions intended to be drawn.

Though it is necessary to allege in the complaint that an agreement sued on
has not been performed, this fact need not be proved by the plaintiff.

*Exceptions*—not taken to conclusions of law, below will not be considered
on appeal.   See *Carter* v. *Augusta Gravel Road Co.*   *Ante.*

*Finding, costs in.*—Upon issues joined, where the finding is for both parties,
the Court may render separate judgments for costs upon each issue, in
favor of each party.

*Dye & Harris*, for plaintiff.

*Morrow & Trusler*, for defendant (appellant).

Blair, J.—The plaintiff in this case, by his bill, seeks the
aid of the Court to compel the specific performance of a
contract.

On the 6th day of February, 1866, the defendant being
the owner of certain-letters patent, of date the 5th day of
August, 1856, for an improvement in lightning rods, known
as " Munson's Tubular Lightning Rod with Spiral Flanges,"
made an agreement in writing, with the plaintiff, by which
he agreed to convey and assign to the plaintiff, all right and
title in and to said letters patent, " together with the owner-
ship of the same for any extension of said patent," in
certain States and Territories.   In the same agreement, it
was stipulated that the plaintiff should pay " one-half of the
cost, including labor, of any extension of patent," &c.,   *
*   *   if he desires to use such extension.

The bill sets out a copy of the agreement, and alleges that
the patent has been extended to the defendant for a period
of seven years from the 6th day of August, 1870, and that
the defendant now holds said extension, and that the plain-
tiff desires to use the same, and has so informed the

defendant, and demanded a conveyance, and that he has paid certain portions of the expenses incurred in procuring the extension, as demanded by the defendant, and he is ready and willing to pay the residue, and tenders the sum of fifty dollars, and prays that an accounting may be had of the expenses, and that on payment of the same the defendant may be compelled to convey, &c.

The defendant filed an answer in two paragraphs; the first, a general denial, and the second, a counter claim for labor and expenses incurred in procuring the extension of the letters patent.

The cause was tried, and the Court rendered a special finding of the facts and conclusions of law; and a decree was entered, requiring the plaintiff to pay into Court, for the defendant, one hundred dollars, and on the payment of the same, the defendant was required to execute a conveyance of the letters patent, as prayed for, &c.

A motion for a new trial was made by the defendant, and overruled by the Court, and the defendant appealed.

The defendant, at the trial, offered in evidence the original assignment of the patent, by the defendant to the plaintiff, dated February 6, 1866, to the introduction of which objection was made, and the evidence was excluded by the Court. This is the first error complained of. It is claimed by the appellant that the conveyance or assignment offered in evidence showed that the defendant had already conveyed the patent right for the time for which the letters were extended, by virtue of the clause in the conveyance or assignment, providing that the plaintiff shall possess the same, " *to the full end of the term for which said letters patent are or may be granted,* and that it was competent evidence to show that the defendant had already complied with the terms of his agreement to convey, and should have been admitted under the issues joined. Assuming it to be true, that the instrument offered in evidence would have shown

that the defendant had already complied with the terms of his agreement, set out in the complaint, the position of the defendant, that the evidence was admissible under the general issue, is not tenable.

" Every matter of fact which goes to defeat the cause of action, and which the plaintiff is not under the necessity of proving, in order to make out his case, must be alleged in the answer." *Baker* v. *Kistler*, 13 Ind., 63; *Hubler* v *Pullen*, 9 Ind., 273. Although it is usual and necessary to allege in complaints that the debt is due and unpaid, or that an agreement sued on has not been performed, these are facts that need not be proved by the plaintiff.

All defences which admit a sufficient contract or cause of action, but avoid it by subsequent matter, or show that the cause of action has been discharged, by payment or performance, should always be specially alleged in answer. *Van Santvoord's Pleadings*, 469 *and* 470, *Second Edition.*

The complaint in this case is in the nature of a bill in equity, and the rule in such cases was, that the complainant had a right to be informed by the answer, not only of the facts to be proved, but of the use intended to be made of them, and of the nature of the conclusions intended to be drawn. *Barbour's Chan. Pr.*, 137.

The evidence offered was therefore properly excluded.

The next error assigned is, that the Court erred in finding that the defendant's labor, in procuring the extension of the patent, was only worth two hundred dollars, it being claimed that the evidence showed it to be worth much more. The evidence does not disclose very definitely the amount of labor performed. It seems to have consisted mainly in writing letters, and procuring certain statistics and affidavits, and was of such character as to create much uncertainty in the estimates put upon its value by the witnesses.

There is no glaring deficiency in the amount found by the Court, and it is also true, that it might have been larger,

without striking one as exorbitant under the evidence, but the rule is not to interfere with findings in such cases, and we see no occasion to vary from the general rule in this case.

The third and fourth error alleged, embrace the same matter as the second, and need not be further noticed.

The fifth error alleged, is in rendering a decree requiring an assignment of the letters patent, and the seventh alleges error in the special finding and conclusions of law. As no exceptions were entered to the conclusions of law, these questions are not properly presented for review. *The City of Logansport* v. *Wright,* 25 Ind., 512; *Peden, Adm'r,* v. *King,* 30 Ind., 181; *Carter* v. *The Augusta Gravel Road Co.,* in this Court.

The defendant filed a motion to tax the costs in the case to plaintiff. The motion was overruled, and the Court ordered one-half of the costs to be taxed to each party. The overruling of the plaintiff's motion is assigned for error. There being two issues joined in the cause, one of which was found for the plaintiff, and one for the defendant on his counter-claim, it was within the power of the Court to render separate judgments for costs upon each issue, in favor of the party recovering. *Sidner* v. *Spaugh,* 26 Ind., 317.; 2 G. & H., Sec. 400, p. 288. We think, therefore, a proper judgment for costs would have been, that the plaintiff recover of the defendant the costs arising upon the issues joined in the complaint, and that the defendant should recover of the plaintiff the costs accrued upon the issues joined in his counter-claim.

The judgment is therefore affirmed as to all things except costs, the judgment for which is modified, to conform to this opinion.