## ACKER v. McCULLOUGH.

PRACTICE.—*Supreme Court.*—Where a jury finds for the defendant on one of the paragraphs of a complaint, it is not necessary to inquire whether or not it was good on demurrer.

SAME.—*Ground of Demurrer.*—That the specific, appropriate relief sought (as the amount for which judgment is demanded) is not stated in the conclusion of a complaint, is not a ground of demurrer under the code.

SLANDER.—*Words Spoken of Female.*—To say of a married woman, that she is pregnant, or that she "is in a fix" (meaning by local usage that she is pregnant), is not actionable, but if spoken of an unmarried female, such words are actionable.

PRACTICE.—*Costs.*—Where there are several causes of action embraced in the same complaint, or several issues, each party is entitled to recover costs on the issues determined in his favor.

From the Adams Circuit Court.

*D. Studabaker* and *J. P. Quinn,* for appellant.

*E. A. Davis* and *Franklin & Peelle,* for appellee.

DOWNEY, J.—The appellee sued the appellant for slander. Her complaint is in two paragraphs, a demurrer to each of which, and to each set of words, was overruled.

Answer in two paragraphs. The first was a general denial, and the second was in mitigation of damages.

Reply in denial of the second paragraph of answer.

Trial by jury, verdict for plaintiff on the second paragraph, and for the defendant on the first paragraph, of the complaint.

Motions for a new trial and in arrest of judgment by defendant overruled, and judgment on the verdict.

Errors assigned as follows:

1. Overruling the demurrer to the complaint.

2. Rendering judgment on an insufficient complaint.

3. Overruling the motion for a new trial.

4. Overruling the motion in arrest of judgment.

5. Giving judgment for all the costs in the cause against the defendant.

6. Refusing to give judgment for the appellant for his costs on the issue found in his favor.

7. Overruling the appellant's motion for judgment for costs on the issue found in favor of the defendant.

The verdict of the jury was as follows :

"We, the jury, find for the plaintiff on the second paragraph of the complaint, and assess her damages at two hundred and fifty dollars, and we find for the defendant on the first paragraph of the complaint."

The jury having found for the defendant on the first paragraph of the complaint, we do not deem it necessary to inquire whether that paragraph was good or not.

The words set out in the second paragraph of the complaint, as amended, as having been spoken by the defendant, were spoken to Adaline Britson, and with the accompanying innuendoes, are as follows :

"David" (meaning David Britson) "is good to other women" (meaning by the word "women" especially the plaintiff). "Cynthia McCullough" (meaning the plaintiff) "went away in a fix" (meaning by the words "in a fix" pregnant), "and when she" (meaning the plaintiff) "comes back, she" (meaning the plaintiff) "will be all right" (meaning by the words "all right" that she, the plaintiff, would, when she returned have been delivered of a *fœtus* or bastard child, and recovered from her sickness). "Anybody" (meaning persons) "with half an eye can see it" (meaning by the words "can see it," that the plaintiff was pregnant, and that any person could observe it). "David" (meaning said David Britson) "went to the school-house and took her" (meaning plaintiff) "a buggy riding, and caroused around until midnight" (meaning then and there and thereby that said plaintiff and said David had had carnal, illicit intercourse on said occasion).

It is also averred in the complaint as follows : "That the words 'in a fix,' when spoken of a female then and there had a local meaning, to wit, meaning that the female of whom they were spoken was pregnant."

It is alleged, also, that the words were intended by the defendant to convey that meaning, and that they were so understood by those who heard them.

It is averred that the plaintiff was an unmarried female. David was the husband of Mrs. Britson, the party to whom the words were spoken, but had died before the words were spoken.

We do not understand this paragraph to contain any more than one set of words. If so, there is no attempt to arrange them into sets by numbering or in any other way.

The only objection urged against the complaint is, that although it states the amount of the damage in the conclusion, it does not demand judgment therefor, or for any other relief. The fourth requisite of a complaint, according to the code, is: "A demand of the relief to which the plaintiff may suppose himself entitled. If the recovery of money be demanded, the amount thereof shall be stated." 2 G. & H. 76, sec. 49, fourth subdivision.

Another section, however, provides, that " the relief granted to the plaintiff, if there be no answer, cannot exceed the relief demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint, and embraced within the issue." 2 G. & H. 220, sec. 380.

That the specific, appropriate relief sought is not stated in the conclusion of the complaint, would seem not to be within any of the causes for demurring under the code. 2 G. & H. 77, sec. 50. And see *Colson* v. *Smith,* 9 Ind. 8, and *Mandlove* v. *Lewis,* 9 Ind. 194. The demurrer to the complaint was properly overruled.

The next position assumed by counsel for the appellant is, that the evidence was not sufficient to justify the verdict of the jury, on the ground that there was no evidence to prove that the plaintiff was an unmarried woman. It is only because the plaintiff is alleged to have been an unmarried woman, and that the words spoken, in the light of the averment of their meaning, conveyed a charge of fornication or whoredom against her, that the second paragraph of the complaint can be sustained. The words do not amount to a charge of fornication

Acker *v.* McCullough.

with any particular person. The words, " David is good to other women. David went to the school-house and took her a buggy riding, and caroused around until midnight," do not import that the parties committed fornication or adultery. It was clearly proved, that in the place or neighborhood where the words " in a fix " were spoken, they meant, when spoken of a woman, that she was pregnant, and also that the words were spoken of the plaintiff by the defendant. But it was not expressly and by direct evidence proved that the plaintiff was an unmarried woman, as alleged in the complaint. To say of a married woman that she is pregnant, or that she is " in a fix," which, in that particular place, means the same thing, is not actionable. The court is of the opinion, however, that, from the circumstances of the case as disclosed in the evidence, the jury was authorized to infer that the plaintiff was an unmarried woman.

The third point made and discussed by the appellant is with reference to the refusal of the court to render judgment in favor of the defendant for the costs of the trial of the issue upon which he obtained a verdict. This question is governed by 2 G. & H. 228, sec. 400. See, also, *Sidner* v. *Spaugh,* 26 Ind. 317. Where there are several causes of action embraced in the same complaint, or several issues, the plaintiff is entitled to recover costs upon the issues determined in his favor, and the defendant is entitled to recover costs upon the issues determined in his favor. The ruling of the court with reference to the costs was erroneous.

The judgment, except as to the costs, is affirmed ; as to the costs it is reversed, and remanded, with instructions to render judgment for costs in accordance with this opinion, each party to pay one-half of the costs in this court.