DILL *v.* O'FERRELL ET AL.

WARRANTY.—*Breach of.—Damages.—Question for Jury.—Supreme Court.—* The question of the amount of damages resulting from an alleged breach of warranty is one peculiarly for the determination of the jury trying the cause, and the Supreme Court will not disturb their verdict upon such question.

SUPREME COURT.—*Presumption.—*Where the record does not show that the court below erred in its decision overruling a motion for a new trial, such decision will be presumed by the Supreme Court to be right.

COSTS.—*Taxation of —Counter-Claim.—Set-Off.—*Under section 400 of the practice act, 2 R. S. 1876, p. 196, where there are several issues, each party is entitled to recover costs only upon the issues determined in his favor, and

where, in an action on a promissory note, on the issues tendered by a counter-claim or set-off, based on an alleged breach of warranty, the plaintiff recovers judgment, he is entitled to recover costs.

From the Huntington Circuit Court.

*A. Moore* and *B. M. Cobb*, for appellant.

HOWK, J.—The appellees sued the appellant, as the maker of two promissory notes dated July 26th, 1869, each for the sum of two hundred and twenty dollars, and both payable to the appellees, by their firm name of O'Ferrell, Daniels & Co.

In their complaint on these notes, the appellees alleged, that the principal thereof, and one hundred dollars interest thereon, and attorney's fees for collecting the same in the sum of one hundred dollars, remained unpaid. Wherefore, etc.

To the appellees' complaint the appellant answered in five paragraphs, each of which alleged affirmative matter, in bar of this action. The appellees replied to the appellant's answer, by a general denial thereof.

The issues joined were tried by a jury, and a verdict was returned for the appellees, as follows: "We, the jury, find for the plaintiffs, and assess their damages at forty dollars, and fifty dollars as attorneys' fees, making a total of ninety dollars." The appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment on the verdict. The appellant then moved the court, in writing, to tax certain costs against the appellees, which motion was overruled, and to this decision he excepted.

The following decisions of the circuit court have been assigned, as errors, by the appellant, in this court:

1. The overruling of his motion for a new trial; and,

2. The overruling of his motion for the taxation of costs.

We will consider and decide the several questions presented and discussed by the appellant's counsel, and aris-

ing under these alleged errors, in the order of their assignment. We have no brief or argument from the appellees or their counsel, in support of the decisions of the court below.

The appellant admitted the execution of the notes in suit, but he alleged by way of defence thereto, in the third paragraph of his answer, as a counter-claim, and in the fourth paragraph, by way of set-off, that, at the time of the execution of the notes, and as the only consideration therefor, he purchased of one John Provines, who was an agent of the appellees for the sale of threshing-machines manufactured by them, one threshing-machine belonging to them, which was, by the appellees' agent, Provines, warranted and represented to be a machine of superior quality, good and substantial manufacture and workmanship, in complete running order, and capable of doing an unusually large quantity of threshing per day, in a superior manner; which said warranty was the inducement to the appellant to purchase said machine. In each of the said paragraphs of answer, the appellant alleged, with great particularity and detail, the breaches of the warranty stated therein, and the damages which he claimed that he had sustained by reason of such breaches; which damages were laid in the third paragraph at six hundred dollars, and in the fourth paragraph at the sum of one thousand dollars.

We have stated thus much of the appellant's defence to this action as necessary, we think, to an intelligible presentation of the questions arising under the errors assigned by him in this court.

1. It is insisted by the appellant's counsel, that the court erred in overruling the motion for a new trial, for the sole reason that the evidence was insufficient to sustain the verdict. Counsel say : " We think an examination of the testimony of Solomon L. Dill, defendant," and of

six named witnesses, " will show conclusively, that appellant was damaged by breach of the appellees' warranty, $700 or $800." We are of the opinion, however, that the jury trying this cause had much better facilities for determining the amount of damages which the appellant had actually sustained, by reason of the breach of the appellees' warranty, than we, as an appellate court, could possibly have from the mere reading of the evidence, as it appears in the record. The question of the amount of damages resulting from an alleged breach of warranty, such as is relied upon by the appellant as a defence to this action, is a question peculiarly for the determination of the jury trying the cause ; and where the jury have passed upon that question, and their verdict has met the approval of the trial court, it seems to us that this court ought not to disturb the verdict, upon the question merely of the amount of damages. We cannot say from the evidence in the record, that the court erred in overruling the appellant's motion for a new trial; and therefore we are bound to say that no such error was committed, for all the presumptions are in favor of the correctness of the court's decision. *Myers* v. *Murphy*, 60 Ind. 282.

2. It is claimed by the appellant, that the court erred in overruling his motion to tax the costs of certain named witnesses against the appellees. The cause assigned by the appellant, for such taxation of costs, was thus stated in his written motion : " For the reason that their" (the said witnesses) " evidence related to, and was solely in relation to, and was made necessary and material by reason of, the several issues tendered by the defendant in his pleas of set-off and counter-claim, raised by him in his answer, which pleas were denied by the plaintiffs, and on which the defendant must have recovered." The argument of the appellant's counsel, in support of their position, that the court had erred in overruling the motion for

the taxation of costs, proceeds upon the theory, that as the jury had found there was nothing due the appellees on the appellant's notes, either of principal or interest, they must have found, of necessity, for the appellant, upon the issues joined on the paragraphs of his answer by way of set-off and counter-claim. In section 400 of the practice act, it is provided, *inter alia*, that, where there are "several issues, the plaintiff shall recover costs upon the issues determined in his favor, and the defendant shall recover costs upon the issues determined in his favor." 2 R. S. 1876, p. 196.

If it were true, that the issues joined upon the appellant's counter-claim and set-off had been determined in his favor, it would seem to be clear that, under the statutory provisions last quoted, he ought to have recovered his costs upon those issues. *Sidner* v. *Spaugh*, 26 Ind. 317 ; *Acker* v. *McCullough*, 50 Ind. 447 ; and *Jamieson* v. *The Board, etc., of Cass Co.*, 56 Ind 466. It seems to us, however, that the record of this cause fails to show that the issues joined by the appellees, upon either the appellant's counter-claim or his answer by way of set-off, had been determined in his favor. In his counter-claim, the appellant alleged in detail that he had been damaged in the aggregate sum of six hundred dollars, which, he asked, might be recouped against the appellees' claim in suit, and he demanded judgment for the residue; and, in his answer by way of set-off, he alleged that he had been damaged in the aggregate sum of one thousand dollars, which he asked to have set off against the appellees' claim, and demanded judgment for the residue. It is certain, we think, that the issues joined by the appellees on these paragraphs of answer were not determined in the appellant's favor, by the verdict of the jury and the judgment of the court thereon. We are of the opinion, therefore, that the court did not err in overruling the appellant's motion for the taxation of costs.

We find no error in the record of this cause, of which the appellant can complain.

The judgment is affirmed, at the appellant's costs.