No. 8557.

READER v. SMITH ET AL.

HIGHWAYS.— Change of.— Remonstrance.— Damages.—Costs.— Witness.—A. and others joined in a remonstrance against the change of a public highway, questioning its public utility, and A. separately claimed damages. Reviewers reported against the public utility of the change, whereupon the county commissioners dismissed the petition. One of the petitioners alone appealed to the circuit court, where it was found and adjudged that the change was not of public utility. Damages were also found for A., should the change be made.

Held, that the petitioner who appealed was prima facie liable for all costs.

Held, also, that if A. used other remonstrants as witnesses, in support of his separate remonstrance for damages, they were entitled to fees as witnesses.

From the Harrison Circuit Court.

W. T. Jones, S. J. Wright and L. Jordan, for appellant.

B. P. Douglass, S. M. Stockslager and G. W. Self, for appellees.

FRANKLIN, C.—This is a proceeding by appellant and others for the change of a public highway in Harrison county, Indiana. Viewers were appointed who reported in favor of the public utility of the change, at which time appellees appeared before the board of commissioners of said county and filed a remonstrance against the public utility of the proposed change, and one of the remonstrators, Henry C. Smith, also filed an individual remonstrance claiming damages for the change being made on his land. Reviewers were appointed, who reported against the public utility of the proposed change. The commissioners accepted and approved the report, and dismissed the petition. Whereupon appellant filed bond, with surety, and appealed the case to circuit court; where, upon a trial of the cause before the court, there was a finding that if the change was made, Smith would be damaged thereby in the sum of $325, but that the proposed change was not of public utility, and there was a general finding for defendants. A motion for a new trial was overruled, and judgment rendered against appellant Reader for costs.

Motions were made for the taxation of costs and overruled. Appellant Reader appealed to this court, and has assigned the following errors:

1st. Overruling motion for a new trial.

2d. In taxing the witness fees and costs thereon of certain remonstrants against him.

3d. Overruling the motion to tax the costs jointly against the petitioners.

4th. Overruling the motion to so modify the judgment as to tax the costs jointly against the petitioners.

5th. Overruling motion to change and modify the judgment for costs.

The first specification of errors is not referred to or discussed by appellant in his brief, and is therefore waived.

The second, third, fourth and fifth specifications present the same question, the judgment for costs, and the taxation of all the costs, against appellant.

The second specially presents the question as to who should pay the costs of certain witnesses who were remonstrators. Had there been no remonstrance filed except the general remonstrance against the public utility of the proposed change of the road, it would have been error to tax these costs against appellant, unless these remonstrators had been subpœnaed by appellant. A remonstrator becomes a defendant in the case and a party to the suit; he is required to be in court, and can not cause himself to be subpœnaed, and thus run up costs and witness fees against the opposite party. *Goodwin* v. *Smith*, 68 Ind. 301.

Smith had a remonstrance for damages; these general remonstrators were not parties thereto, and he had a right to subpœna them in his behalf, and have their fees and costs thereon abide the result of the trial of that issue. *Acker* v. *McCullough*, 50 Ind. 447; *Sidner* v. *Spaugh*, 26 Ind. 317.

The record contains no evidence given upon the motion. We presume the facts were fully before the court, and this court will not search through the evidence contained in the general bill of exceptions for the purpose of ascertaining upon what issue each of the witnesses testified. The presumption is that the court below decided rightly, until the contrary is made to appear. *Louisville, etc., R. W. Co.* v. *Dryden*, 39 Ind. 393.

Appellant says in his brief that the question raised by the third specification of error is the most important one to be considered. This is for the overruling of the motion of the petitioners to tax the costs jointly against all of them. The record shows that the proceedings in the circuit court were conducted in the name of appellant, as sole plaintiff, until this motion for the taxation of costs was made. On the motion to tax the costs jointly against all the petitioners there does not appear to have been any evidence given by affidavits or otherwise.

The appeal was taken from the board of commissioners to the circuit court by the appellant alone; the trial was had in

the circuit court in his name alone; there is nothing to show but that he caused all the costs to be made in the case. Whatever facts existed in relation to this matter were before the court; and, in the absence of any showing to the contrary, we must presume the court decided rightly.

We find no error in overruling the motion to so modify the judgment that it be rendered against-all the petitioners jointly for costs, nor in the overruling of the motion for the taxation of costs. The other petitioners do not appear to have been parties in the circuit court, and have not been made parties in this court.

We find no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellant, in his petition for a rehearing, insists that the fifth specification of error was not, in the original opinion, considered by the court. In this he is mistaken. The motions all had reference to the costs, and were considered together, though the others were specifically discussed. In the opinion this assignment is specifically decided against appellant, for the general reason that "The other petitioners do not appear to have been parties in the circuit court, and have not been made parties in this court." We think this is sufficiently explicit. This court could not reverse a judgment of the court below and direct and instruct it to enter up a judgment against persons who are not parties to the case in this court.

PER CURIAM.—The petition for a rehearing is overruled, at the costs of appellant.