## W. C. MILLER v. R. M. McGEHEE.

1. TAXES.   *Limitation of levy in Wilkinson County.*   *Act March 9, 1882, construed.*
   An "Act in relation to Public Revenue," approved March 9, 1882 (Laws 1882, p. 8), provides that the Board of Supervisors of Wilkinson County should, for the years 1882 and 1883, levy taxes which "shall not exceed eighteen dollars on the thousand added to the State tax." Under this act the Board of Supervisors was limited in its levy of taxes to fifteen dollars and a half on the thousand of taxable property, the State tax being two dollars and a half on the thousand.

2. REPLEVIN.   *Against a tax-collector.*
   Under our statute an action of replevin is maintainable against a tax-collector for goods wrongfully seized by him for alleged unpaid taxes of the plaintiff in such action.

TAXES. *Replevin. Tender.*

  If, in an action of replevin brought by the owner of goods against a tax-col-
  lector the owner relies upon a tender of all the taxes due as entitling him to a
  return of his goods, he must show a continuous tender up to and during the
  trial, to entitle him to a recovery.

APPEAL from the Circuit Court of Wilkinson County.

Hon. J. B. CHRISMAN, Judge.

W. C. Miller, as sheriff and tax-collector of Wilkinson
County, levied upon a horse and buggy belonging to R. M.
McGehee, for his unpaid taxes of 1882. McGehee brought re-
plevin for the property. The Board of Supervisors had lev-
ied for the year 1882 a tax of seventeen and a half dollars on
the thousand dollars of taxable property for county purposes.
The case was tried by the court, a jury being waived, and
from a judgment in favor of the plaintiff the defendant ap-
pealed to this court.

*C. P. Neilson,* for the appellant.

1. The levy of seventeen and a half mills on the dollar of
taxable property by the Board of Supervisors of Wilkinson
County was not excessive. By the Acts of 1882, p. 8, the
State tax is fixed at two and a half mills, and by a proviso in
the act, the Board of Supervisors of Wilkinson County may
levy taxes which shall not exceed $18 on the $1,000 added
to the State tax.

2. Replevin will not lie in this case and the judgment should
have been for the defendant. In some States, replevin in
tax cases is prohibited by statute. In this State it is im-
pliedly prohibited by statute. The natural and inevitable
result in a tax case of an action of replevin would be to sus-
pend and delay the collection of taxes.

3. In no case will replevin lie against a tax-collector unless
the levy of taxes is absolutely void. Cooley on Tax. 572.

4. The agreed statement of facts does not show that the ten-
der of the true amount of taxes due was continuous, and the
plaintiff could not under such circumstances recover.

*H. L. Davis*, for the appellee.

1. The Board of Supervisors of Wilkinson County did not have the right to levy a tax in excess of fifteen and a half mills on the dollar of taxable property. *Beck* v. *Allen*, 58 Miss. 143.

2. The tender of the tax was sufficient, and the action of replevin was the appropriate remedy.

*D. C. Bramlett*, on the same side.

1. The language and intent of the Revenue Act of March 9, 1882 (Acts 1882, p. 8) plainly restricted the Board of Supervisors of Wilkinson County in their levy of county taxes to fifteen and a half mills on the dollar.

2. The tender was all that was required by the statute, and the refusal of the full amount of the tax due gave the tax-collector no right to retain the property of the appellee.

3. Our statutes are broad enough to embrace an action of replevin against a tax-collector for goods wrongfully detained by a tax-collector.

CAMPBELL, C. J., delivered the opinion of the court.

The extent of the right of the Board of Supervisors of Wilkinson County to levy taxes for 1882 was not to exceed fifteen and a half dollars on the thousand dollars of taxable property.

The fact that the defendant below held the goods as tax-collector, by virtue of a seizure for taxes due from the plaintiff, was not a bar to the action of replevin, if the tender was a continuous one of all that was due, and the plaintiff was ready to pay the money into court as it might direct. The cases denying that replevin will lie for goods taken for taxes are not applicable here. We perceive no objection to replevin for goods wrongfully seized by a collector of taxes. Our statute regulating replevin contains no such exception, as do the statutes of many States, and is broad enough to embrace this case. Replevin will lie against a collector of taxes for goods wrongfully detained by him, but if anything is due for which he has the right to hold the goods the action must fail, for then the detention is not wrongful. If the plaintiff relies on a tender

of all that is due as entitling him to a return of his goods he must be ready to pay what is due so that the court may order the money paid in and adjust the controversy by awarding the money to the collector and the goods to the plaintiff.

The cases in which a tender of the taxes due was held to make a subsequent sale of land unlawful are not applicable to this case, for this is a controversy pending in court in which the claim of the plaintiff to have return of the goods is founded on his tender of what was due from him, and he must be continually ready to pay it, and the court should in all such cases require the payment of the money into court subject to its disposition if the plaintiff's claim is maintained, and should decline to try the case until that is done. In that way justice may be done between the suitor and the tax-collector, and all objection to the maintenance of the action of replevin in such cases will be removed.

In this case the tender of what was due was made by the plaintiff below prior to the 15th of December, 1882, and is not averred to have been continuous. No offer to pay eighteen dollars on the thousand of his property as assessed was made on the trial, and no willingness to pay it was stated in the statement of facts on which the case was tried. For this reason the judgment should have been for the defendant below (appellant), and we reverse it and direct judgment here for the appellant.