Bothwell *v.* Millikan.

No. 12,033.

## BOTHWELL *v.* MILLIKAN.

GRAVEL ROAD.—*Collection of Assessment by Sale of Real Estate.*—Under section 5097, R. S. 1881, an assessment for the construction of a gravel road may be collected as other taxes by a sale of real estate by the county treasurer.

SAME.—*Lien of Purchaser for Taxes Paid.*—Where the sale does not operate to convey title, the purchaser takes a lien for all taxes paid by him, together with the statutory penalty.

SAME.—*Tender.*—*Pleading.*—One seeking relief from a sale of land for taxes, must make a tender of the amount due, and where the amount is capable of computation, the plaintiff must state in his complaint the sum tendered, so the court may determine its sufficiency.

SAME.—An averment in the complaint, that the plaintiff " offered to pay the defendant all money due to him " for the sum paid by the latter on the sale, without stating the amount, is not sufficient.

HARMLESS ERROR.—*Practice.*—Where the ultimate judgment is one of which the appellant can not complain, intermediate errors are harmless.

COSTS.—*Complaint to Quiet Title.*—*Counter-Claim to Foreclose Lien.*—Where a plaintiff brings a suit to quiet title, and the defendant, by a counter-claim, sets forth a lien and obtains a judgment against the plaintiff foreclosing it, he is entitled to recover costs.

From the Morgan Circuit Court.

*W. S. Shirley,* for appellant.

*G. A. Adams* and *J. S. Newby,* for appellee.

ELLIOTT, J.—The principal question in this case is as to the authority of the treasurer to sell real estate upon an assessment made for building a gravel road.

The constitutionality of the statute authorizing the levying of taxes for constructing gravel roads has been so many times affirmed by this court, and by other courts, that the question may be considered as at rest. The authority to enact such statutes being assumed, the only question is as to their force and effect.

The statute providing for the assessment of taxes for the construction of gravel roads plainly contemplates that such taxes may be collected as other taxes, by sale of property. R.

S. 1881, section 5097. It would completely nullify the statute to hold that there is a lien for such taxes, but no power to enforce the lien. We are clearly of the opinion that such taxes may be collected by a sale of property. We can not hold that the Legislature meant to do such a vain thing as to create a lien without providing means of enforcing it. There is certainly nothing in the statute leading to any such conclusion.

Where the sale does not operate to convey title, the purchaser secures a lien for all taxes paid by him, together with the statutory penalty. The trial court did right in holding that the purchaser acquired a lien although the sale was void.

The statute places taxes assessed for the construction of gravel roads on substantially the same footing as other taxes, and all the usual incidents attach to a sale made for gravel road taxes, among them the right to the statutory penalty.

There was general authority to levy the tax and sell the property of the appellant, and he could not have relief without making a tender of the amount due the appellee. *Peckham* v. *Millikan*, 99 Ind. 352; *Ricketts* v. *Spraker*, 77 Ind. 371, p. 376; *McWhinney* v. *Brinker*, 64 Ind. 360; *City of Delphi* v. *Bowen*, 61 Ind. 29, *vide* auth. p. 33.

The complaint does not plead a sufficient tender. The sum due the appellee was capable of exact computation, and it was the duty of the appellant to state in his complaint the sum tendered, so as to enable the court to judge whether the tender was sufficient. *Conwell* v. *Claypool*, 8 Blackf. 124; *Miller* v. *McGehee*, 60 Miss. 903; *Chase* v. *Welsh*, 45 Mich. 345. The appellant's complaint does not even aver that he tendered the taxes and penalty; it simply avers that he " has offered to pay to the defendant all money due to him for said sum so paid to the said treasurer and auditor on said sale as aforesaid, which he refused to accept." This is plainly insufficient. It is not for the plaintiff to determine what is due the defendant; that is for the court upon the facts stated.

Bothwell v. Millikan.

Aside from this consideration, it appears that the pleading is bad, for the theory of the complaint is that if the defendant was entitled to anything at all, it was simply the money actually paid out by him, and the inference, therefore, is that this was all that was tendered. Upon this assumption the tender was insufficient, because the appellee was entitled to the statutory penalty.

Judgment affirmed.

Filed Oct. 28, 1885.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—The appellant complains that we did not decide what penalty the appellee was entitled to recover, and insists that we now decide that question. We did not deem it necessary to expressly decide the question, for the reason that the judgment was for a less sum than the appellee was entitled to recover, even computing the penalty at the lowest sum fixed by any of the statutes upon the subject of taxes. Where the ultimate judgment is one of which the appellant can not justly complain, intermediate errors are harmless. *Krug* v. *Davis*, 101 Ind. 75.

Another point urged in the petition is, that we did not discuss the ruling on the motion to tax costs. This point we now expressly decide against the appellant without discussion, for we think the question so free from difficulty as not to require discussion. What we decide is this: Where a plaintiff brings a suit to quiet title, and the defendant, by a counter-claim, sets forth a lien, and obtains a judgment against the plaintiff foreclosing the lien, he is entitled to recover costs.

Petition overruled.

Filed Dec. 9, 1885.