No. 16,805.

HAWKINS *v.* STANFORD, TRUSTEE, ET AL.

PLEADING.—*Answer, Sufficiency of.—Theory.—Injunction.*—An answer to a complaint in a suit for injunction is sufficient where the conduct complained of is confessed, and the answer is justified by a theory sufficient, though different from that upon which complaint is made.

HIGHWAY.—*Established on Section Line.—Change of Course to Correspond with Partition Line.*—Where a highway has been established upon a section line, public interests require that the highway should not vary its course to correspond with partition lines, and it matters not upon whose land it is located.

COSTS.—*Overruling Motion to Retax.—When not Error.*—There was no error in overruling a motion to retax all costs against defendants, where part of such costs were properly taxable against the plaintiff.

From the White Circuit Court.

*T. F. Palmer* and *C. C. Spencer*, for appellant.

*E. B. Sellers* and *W. E. Uhl*, for appellees.

HACKNEY, C. J.—The appellant sued the appellees, a township trustee and a district road supervisor, to enjoin a threatened removal of farm fences.

The complaint was in two paragraphs, each relating to different fences, and the finding and decree was in the appellant's favor upon the second paragraph, and against him upon the first.

Of the first paragraph the appellant states that "Its material allegations are that appellant is, and has been

for more than twenty-five years last past, the owner and in possession of a certain tract of real estate in White county, Indiana, and that during all that time he has continuously maintained a fence on the south line thereof; that the board of commissioners, by a regular proceeding, upon report of viewers regularly appointed and acting, on the —— day of September, 1890, established a highway upon said south line, forty feet wide, where the same was marked and laid out by the viewers; that the center of said highway so marked, laid out and established, was marked and indicated by appellant's said fence; that by order of appellees (who were trustee and supervisor, respectively, of the township wherein said land and highway were situated), on the —— day of March, 1891, appellant moved his said fence north twenty feet, and said highway was then opened forty feet wide, where it was marked and laid out by said viewers and established by said board of commissioners, and ever since said highway has been there maintained, opened, and traveled, and in constant use by the public, and the place where said highway now exists is the same place pointed out to appellant by appellees as such officers, when they ordered appellant to remove his said fence, and appellant's said fence was removed to and has ever since remained at and upon the northern boundary of said highway, as pointed out to appellant by appellees as such officers; that appellees, as such officers, are threatening to, and if not enjoined will, remove appellant's said fence north upon his said lands, and open, use, and work, and cause to be traveled upon, a highway upon appellant's said lands north of and parallel with the said public highway so opened and established as aforesaid, to appellant's great damage."

To this paragraph of complaint the appellees answered, by way of amended second paragraph of answer, ad-

mitting appellant's ownership and possession of the east half of section 26, township 25 north, of range 6 west, in White county; that on the 3d day of September, 1890, upon proper petition, notice, view, marking, and report, the board of commissioners of said county did establish a line of highway commencing at the southwest corner of section 27 in said township and range, and running thence east two miles, on the line dividing sections 27 and 34, and 26 and 35, to the southeast corner of said section 26, and did order the same to be opened and kept in repair, to the width of forty feet; that pursuant to said proceeding the auditor of said county delivered a certified copy of said order to these appellees; that the fence mentioned in said paragraph of complaint theretofore and still stood upon said highway, and the appellant, though properly notified, failed and refused to remove said fence within the season and within the time allowed by law, and that all that the appellees were threatening or intending to do was to obey the order of said board.

The court overruled appellant's demurrer to this answer, there was a reply in general denial, a submission, trial, and finding for the appellees. All costs were adjudged against the appellant, ''except costs of filing complaint, issue of summons, service and return thereof, which costs are taxed against the'' appellees.

The appellant's objection to the answer is that it was not responsive to the complaint, and the argument is that the complaint alleges a location and marking, by the viewers, of a highway upon the line of the appellant's fence, as the section line, and that the highway so located and marked had been opened by the removal of the fence. This we understand to be the true theory of the complaint, but we are unable to agree with the counsel in the contention that the answer should confess the

theory of the complaint and respond to the confessed theory. It is enough when the conduct complained of is confessed, and is justified by a theory sufficient, though different from that upon which complaint is made.

The answer in question, in effect, confesses the conduct complained of, and pleads affirmatively in avoidance the legal proceedings by which the highway was viewed, located and marked upon the line of the section, where, by the conduct confessed, the appellees would have opened it by the removal of the appellant's fence. Conceding, but not deciding, that the locating and marking of the highway were issues upon which oral proof was admissible to contradict the report of the viewers, the answer was broad enough to meet such issues, and if these were improper issues, the answer was sufficient, since it pleaded the location and marking by the viewers upon the section line as reported to the board. We have no doubt of the sufficiency of the answer.

There was evidence supporting the finding and decree of the court, and we will not weigh all of the evidence to ascertain whether the decree was supported by the preponderance of the evidence. Nor do we deem it a proper subject of inquiry as to whether the appellant's fence, by adverse possession, represented the section line as the division line between adjoining proprietors. If, as found by the court, the highway was located upon the section line, it matters not upon whose land it was located. The division line, as to the public, was not the section line, and public interests required that the highway should not vary its course to correspond with partition lines, however irregular.

The only remaining question before us is upon the judgment of the lower court as to costs. The motion was to so modify the judgment as to tax all costs against the appellees. It has been seen that the appellant suc-

ceeded upon one cause of action and failed upon one cause of action. That the appellees were entitled to recover costs upon the issue decided in their favor, is well settled. *Sidener* v. *Spaugh*, 26 Ind. 317; *Acker* v. *McCullough*, 50 Ind. 447; *Jamieson* v. *Board, etc.*, 56 Ind. 466; *Bothwell* v. *Millikan*, 104 Ind. 162.

The issue upon which the appellant succeeded below was conceded by the appellees, and evidence was not introduced upon it. No question is made as to the distribution of the costs upon the issues found in favor of the parties respectively, and the motion so made by the appellant being clearly improper, it was not·error to overrule it.

Finding no error in the record, the judgment of the circuit court is affirmed.

Filed June 7, 1894.