## COMMONWEALTH vs. JAMES SLOAN & another.

An allegation, in an indictment against two, for selling spiritous liquors without license, and in contravention of the Rev. Sts. c. 47, that the defendants " did presume to be a retailer of wine, brandy, rum and other spiritous liquors, in a less quantity than twenty-eight gallons, and that delivered and carried away all at one time, without being first licensed as a retailer of wine and spirits, according to law," is a sufficient averment that the defendants were neither jointly nor severally licensed, and will support a verdict of guilty against one alone.

Two or more persons may be jointly charged, in the same indictment, with the offence of selling spiritous liquors, without license.

It is no justification for the sale of spiritous liquor without license, that, at the time of such sale, there was no druggist or other person licensed to sell spiritous liquors within the county; that the sale was made upon the order or prescription of a physician; and that the liquor thus obtained was necessary for the buyer's use, either as a medicine, or for the preservation of his health.

THE defendants, James Sloan and Thomas Tilton, were indicted in the court of common pleas, and there tried before *Hopkinson*, J., for selling spiritous liquors, without license, in contravention of the Rev. Sts. c. 47. The indictment contained four counts, in each of which it was alleged that the defendants, on the day and at the place named therein, " did presume to be a retailer of wine, brandy, rum and other spiritous liquors, in a less quantity than twenty-eight gallons, and that delivered and carried away all at one time, without being first licensed as a retailer of wine and spirits, according to law, and did then and there sell," &c.

The defendants moved that the indictment be quashed: 1st. Because it charged no offence; 2d. Because the offence charged, if any, was set out in an insensible, uncertain and insufficient manner. This motion was overruled and the trial proceeded.

It being in evidence, among other things, that the defendants were partners in business, in Northampton, as grocers, it was objected, that if the jury should acquit Sloan, they could not convict Tilton. But the jury were instructed otherwise, and returned a verdict of guilty against Tilton, and found Sloan not guilty. Tilton thereupon alleged exceptions.

*C. Delano*, for the defendants.

*Clifford*, attorney general, for the commonwealth.

DEWEY, J.  The offence is well charged in this indictment, according to the decision in the case of the *Commonwealth* v. *Thurlow*, 24 Pick. 374, unless the objection taken to the averment as to the license is valid.  This objection, which is also relied upon, is, that there is no proper averment, that the defendant Tilton, against whom the verdict was rendered, was not duly licensed as a retailer of wine and spirits according to law.  It is said, on the part of the defendant, that the indictment only negatives a joint license, and is perfectly consistent with a separate license to Tilton.  But this, we think, is not a correct view of the matter.  The allegation may be properly taken to be broad enough to embrace a license in its most extended sense; a license to both defendants, either jointly or severally.  Had Tilton alone been licensed to sell spirits, upon the proof of that fact, he must have been acquitted; for the allegation in the indictment, "without being first duly licensed as a retailer," would have been disproved.  The case of the *Commonwealth* v. *Tower*, 8 Met. 528, is quite analogous upon this point.  In that case, it was held, that an allegation negativing a license to both might be taken to apply to the defendants individually as well as jointly.  The same case is a direct authority upon the point, that two or more persons may be jointly charged in the same indictment for a sale of spiritous liquors without license.

*Exceptions overruled, and judgment on the verdict.*

---

On the trial of a second indictment against the same defendants, for selling spiritous liquors without license, it being in evidence, that the defendants uniformly refused to sell, except upon a physician's order or prescription; that in the case of each of the sales alleged in the indictment, the buyer brought such order or prescription; and that at the time of these sales, there was no druggist or other person licensed to sell spiritous liquors within the county of Hamp.

shire; the defendants requested the court to instruct the jury that, if they were satisfied of the truth of these facts, the defendants were justified in making the alleged sales, on the ground, that the liquors sold were for a medicine, and the preservation of health.

The court refused to give the instructions requested, but directed the jury, that the defendants could not lawfully retail spiritous liquors, as alleged in the indictment, however strong a necessity there might be for the buyer's using it as a medicine, or for the preservation of health, without a license first obtained according to law.

The defendants, being convicted, alleged exceptions, which were overruled in this court; and judgment was thereupon entered on the verdict.