State *v.* Hall.

STATE OF MAINE *versus* HALL.

Neither a physician nor an apothecary, unless appointed by the town as an agent, under the Act of 1851, c. 211, was authorized to sell spirituous liquors for mixture with medicinal ingredients by the purchaser, although the medicines were purchased at the same time with the liquor.

A request for an instruction that has no application to the issue may be refused.

EXCEPTIONS from *Nisi Prius,* SHEPLEY, C. J., presiding.

INDICTMENT against the defendant for being a common seller of spirituous liquors, under c. 211 of Acts of 1851, between September, 1853, and November, 1854.

Testimony was introduced that he sold such liquors to one Owen on three different days in October and November, 1854. Also to one Crosman about the 10th or 12th of February, 1854. The latter applied to defendant, being a doctor, for medicine, and got some aloes and spirituous liquor to mix with them, and drank the mixture. The defendant kept medicines, most of them being liquids.

, Another witness testified that he had taken medicine at defendant's shop for some months, and spirituous liquor was mixed with it, and he had paid something towards it.

Other testimony was before the jury.

The instructions given were not objected to. The following request by defendant was refused; — " that the administering of medicine, a part of which is spirituous liquors, in good faith, by a physician to a sick patient, does not constitute a selling of spirituous liquors within the meaning of the statute."

A verdict of guilty was rendered, and defendant excepted to the refusal above.

*Clifford,* for respondent.

*Abbott,* Att'y General, for the State.

The opinion of the Court was drawn up by

RICE, J. — The statute of 1851, c. 211, prohibits all persons, except agents appointed by cities and towns, from selling spirituous and intoxicating liquors. Such agents, when duly appointed, may sell these articles, to be used for medicinal and mechanical purposes, and no other.

It is contended, that from the fact, that the law authorizes the sale of spirituous and intoxicating liquors for medicinal purposes, it follows, that they may be lawfully used as medicines, and that when incorporated into medicinal compounds, their sale, in that form, is not a violation

of the statute, though made by persons who are not agents of cities or towns; or in other words, when these articles are made to assume the form, and become a component part of a medicinal compound, they cease to be spirituous and intoxicating liquors within the meaning of the statute.

That question does not appear to have been raised at the trial, and is not now open to the defendant. But however it may be decided when presented, it is very clear, that the law will not permit a person, who has not been appointed an agent by some city or town to sell therein spirituous and intoxicating liquors, whether such person be druggist, apothecary or physician, to sell such liquors *to be* compounded by the purchaser with medicinal ingredients, though such ingredients may be sold at the same time and place. To give such a construction to the statute would be, in effect, to repeal it.

The only cause of complaint relied upon at the argument, was the refusal of the Judge, who tried the case, to give the following requested instruction, to wit: "that the administering of medicine, a part of which is spirituous liquors, in good faith, by a physician to a sick patient, does not constitute selling of spirituous liquors within the meaning of the statute."

It was very urgently and most confidently contended at the argument, that it is impossible to controvert, successfully, the abstract truth of the doctrine embodied in this request. This may be so. But if the truth of the proposition be conceded, to its fullest extent, it is not perceived how it is to affect the case at bar.

The defendant was indicted as a *common seller* of spirituous and intoxicating liquors by retail, not for "administering medicines a part of which is spirituous and intoxicating liquors." The government was required to maintain the proposition that he *was* a common seller of such liquors. The determination of the question, as matter of law, whether the administering of medicine a part of which was spirituous and intoxicating liquors is or is not unlawful, could by

no possibility throw light upon the question before the jury. The evidence was that he sold liquors, to be, by the purchaser, mixed with medicinal ingredients. The request presented a mere abstract proposition, and was properly refused as having a tendency to divert the attention. of the jury from the true issue before them.

*Exceptions overruled.*