CASE No. 1149.

STATE v. THORNBURG.

A party was properly convicted under the act of 1880 (17 *Stat.* 460) for selling liquor without a license outside of an incorporated town, although the liquor was whiskey sold and used only for medicinal purposes.

Before ALDRICH, J., York, June, 1881.

The opinion states the case.

*Mr. J. H. Rion,* for appellant.

*Mr. Solicitor Gaston,* contra.

March 4th, 1882. The opinion of the court was delivered by

McGOWAN, A. J. This was an indictment under the act of December, 1880, for selling spirituous liquors without a license. Eugene Lowry testified as follows:

" On or about twenty-first of this month (June, 1881,) I bought and paid for a quart of whiskey from the defendant, William Thornburg. His place is outside of the town limits— outside of corporation—short distance outside. It is in this county, York. The defendant sold it to me, and I paid him for it. I have a very sick brother; his disease is consumption. The doctor uses whiskey in the treatment of brother's case. He told my father to send to Thornburg's for whiskey, because his whiskey was better than any other he could get. Father sent me for the whiskey, and I told Thornburg all about what the doctor said, and what the whiskey was wanted for before I got it. Thornburg owns a government distillery outside the corporate limits. The whiskey I bought from him was used strictly in the way for which it was bought."

The judge charged the jury that the act under which the indictment was framed contained no exceptions as to the use that might be made of the spirituous liquors sold; that the prohibition was absolute and without exception against all selling outside of the corporate limits of a city, town or village. Hence, if they were satisfied that the sale was made as alleged, it was no defense that the whiskey was bought for medical purposes—was sold for such purposes—and that, in fact, it was so used.

The jury found the defendant " guilty," with a recommendation to mercy. His attorney moved for a new trial and in arrest of judgment. The judge refused both motions, and he appeals to this court upon the following exceptions:

1. " For, that his Honor charged the jury that if it was proved that the defendant sold spirituous liquors without a license in the county of York, outside of the corporate limits of Yorkville, that would be sufficient upon which to base a verdict of guilty.

2. " For, that his Honor charged the jury that the fact that the said liquor was sold for the purpose of being used, and was in fact used, only for medical purposes, did not constitute a legal defense.

3. " For, that his Honor charged the jury that if they believed the facts as testified to by the witnesses for the State, the same constituted a violation of the act.

4. " For, that his Honor did not grant the motion for a new

trial upon the ground that the testimony was not sufficient to base a conviction under the act.

5. " For, that his Honor did not grant the motion in arrest of judgment upon the ground that the testimony was not sufficient to base a conviction under the act."

The act of 1880 (17 *Stat.* 460) provides as follows:

" SECTION 1. That from and after the passage of this act no license for the sale of spirituous or intoxicating liquors shall be granted in South Carolina outside of the incorporated cities, towns and villages of this State; *and it shall be unlawful for any person or persons to sell such liquors without a license so to do.*

" SEC. 4. Any person violating any of the provisions of this act shall, upon conviction thereof, be fined in a sum of not less than two hundred dollars, or imprisoned for a term of not less than six months, or both fined and imprisoned, in the discretion of the court trying the case."

These provisions are positive and without qualification of any kind, and we have no authority to amend them or construe them in such way as, in effect, to add the words: *Provided* this inhibition shall not include a sale to one who declares at the time that the liquor so purchased is intended alone for medical purposes. Such construction would not only disregard the plain and positive words but completely emasculate the act and thereby defeat the manifest intention of the Legislature.

We do not think that the case cited from Kansas is analogous to this. Neither the title nor reference was given,* but, as stated here, the case involved only the question whether certain compounds or tinctures containing alcohol as one of the ingredients should be held to be within the meaning of Section 10 of the Kansas act, which is in these words: " All liquors mentioned in Section 1 of this act, and all other liquors *and mixtures thereof,* by whatever names called, shall be considered and held to be intoxicating liquors within the meaning of this act." It seems that there were three cases heard together. In one the article sold was " *bay rum,*" in another it was " *a compound of whiskey, tolu and wild cherry—prepared* by a physician," and in

---

*It is the *Intoxicating Liquor Cases,* to be found in 25 *Kans.* 751.—REPORTER.

the third it was a compound known as "*Prickly Ash Bitters,*" and the question was whether these were such articles as fell within the meaning of the act.

Judge Brewer, in delivering the judgment of the court, said: "It cannot be doubted that Section 10 is broad and sweeping enough to bring within the statute every liquid which, by reason of the presence of alcohol, will produce intoxication, and this, irrespective of the amount of alcohol contained, or the presence of other ingredients of such a character as to prevent any use of the liquid as a beverage. * * * But such was not the intent of the Legislature. The use of intoxicating liquors as a beverage was the evil, and the statute must be read in the light thereof. Now the cases before us group themselves into three classes. *The first* embraces what are generally and properly known as intoxicating liquors, unmixed with any other substances. Thus, in one case, the sale of *brandy* is charged. *The second* includes articles equally well known—standard articles—which, while containing alcohol, are never classed as intoxicating beverages. Their uses are culinary, medical, or for the toilet. They are named in the United States Dispensatory and other similar standard authorities. The *formulæ* for their preparation are there given. Their uses and character are as well recognized and known by their names as those of a horse, a spade, or an arithmetic. The possibility of a different and occasional use does not change their recognized and established character. A particular spade may be fixed up for a parlor ornament, but the spade does not belong there. So *essence of lemon* may contain enough of alcohol to produce intoxication. It is possible that a man may get drunk on it, but it is no intoxicating liquor. *Bay rum, cologne, paregoric, tinctures* generally, all contain alcohol, but in no fair or reasonable sense are they intoxicating liquors or mixtures thereof. * * * Now, in reference to these several classes we think these rules may be laid down. *The first class is within* and the second *without the statute,* and the court, as matter of law, may so declare. It is unnecessary in charging the sale of *whiskey* or *brandy* to allege that it will produce intoxication, nor will it bring the sale of '*essence of lemon*' within the statute to allege that such essence will produce intoxication.

The courts will take judicial notice of the uses and character of these articles. You need not prove what bread is, or for what purpose it is used. No more need you in respect to whiskey or gin on the one hand, or cologne or bay rum on the other. They are all articles of established name and character," &c.

This case distinctly holds that there can be no doubt when the article sold, as in this case, *was whiskey, pure and simple.* The quality of the article as to the power to produce intoxication is well known, and its sale is forbidden, without regard to the purpose for which, in particular cases, it may be intended. "You need not prove what bread is, or for what purpose it is used. No more need you in respect to *whiskey or gin* on the one hand, or cologne or bay rum on the other. They are articles of established name and character."

The judgment of this court is that the judgment of the Circuit Court be affirmed.

SIMPSON, C. J., and McIVER, A. J., concurred.