## THE STATE OF KANSAS v. JOHN FLEMING.

INTOXICATING LIQUOR, *Unlawfully Furnished.* A physician having no permit therefor, cannot, under the statute, lawfully furnish intoxicating liquor as a medicine to a patient who is actually sick, and charge and receive pay for the same.

### Appeal from Cowley District Court.

THE following complaint or information, (omitting court and title,) was filed in the district court of Cowley county:

"In the name, by the authority and in behalf of the state of Kansas, I, F. S. Jennings, county attorney of Cowley county, Kansas, come now here and give the court to understand and be informed —

"That John Fleming, at and within the county of Cowley,

in the state of Kansas, and at and in a one-story frame building situated on lot No. ten, in block No. one hundred and twenty-eight, in the city of Winfield, in said county and state, and on, to wit, the 27th day of January, 1884, the said John Fleming then and there being a physician and following his profession as a business, and having heretofore, to wit, on the 5th day of May, 1881, duly filed with the probate judge of said Cowley county, Kansas, the affidavit required by section three of an act entitled 'An act to prohibit the manufacture and sale of intoxicating liquors except for medical, scientific and mechanical purposes, and to regulate the manufacture and sale thereof for such excepted purposes,' approved February 19, 1881, and which took effect May 1, 1881, which said affidavit was theretofore duly subscribed and sworn to by the said John Fleming, did, in good faith, make a verbal prescription for one W. C. McDonald for one pint of whisky, the said W. C. McDonald then and there being the patient of the said John Fleming, and being then and there actually sick, and whisky being then and there a necessary medicine and remedy for the said W. C. McDonald in his then condition; and the said John Fleming did then and there unlawfully furnish and deliver to the said W. C. McDonald the one pint of whisky prescribed by the said John Fleming for the said W. C. McDonald, as aforesaid, and did then and there receive from the said W. C. McDonald one dollar in payment for the said one pint of whisky so furnished and delivered as aforesaid:

"The said John Fleming not having first obtained, and not then having a druggists' or manufacturers' permit from the probate judge of Cowley county, Kansas, as provided by law for the sale of intoxicating liquors: contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

On January 30, 1884, the defendant filed his motion to quash the complaint or information, upon the ground that it does not state facts sufficient to constitute a public offense. On January 31, 1884, the motion came on for hearing, and was sustained. The court rendered judgment that the defendant be discharged. The state brings the case here.

*F. S. Jennings*, county attorney, and *M. G. Troup*, for appellant.

*Henry E. Asp*, for appellee.

The opinion of the court was delivered by

HORTON, C. J.: The principal question in this case is, whether a physician having no druggists' permit can under the statute lawfully furnish intoxicating liquor to his patient, who is actually sick, needing the liquor as a medicine, and receive pay therefor? It is insisted: First, that the administering of liquors as a medicine to a patient by a physician who receives pay for the same, cannot properly be denominated a sale; second, that it was not the intention of the legislature, in passing the prohibitory liquor law, to interdict a physician from administering intoxicating liquor, in good faith, to his patient who is actually sick, and charging for such liquor.

We think the information states all the requisites of a sale. The physician, as the seller, gave and passed over to his patient, the buyer, the intoxicating liquor in exchange for one dollar, and the patient accepted the liquor, and not only agreed to pay for it, but did actually pay its price. (2 Bouvier's Law Dict. 606.) In the case of *Schaffner v. The State*, 8 Ohio St. 643, it does not appear that the physician charged or received compensation for the liquors administered by him. If, however, it was the intention of the court delivering the opinion in that case to decide that the administering of intoxicating liquors to a patient by a physician, who charges and receives pay for the same, is not a sale of liquors by the physician to the patient, we cannot assent thereto. Further, we are of the opinion that under the statute a physician cannot sell, even for medical purposes, intoxicating liquors without a druggists' permit. The amendment to article 5 of the constitution ordains:

"The manufacture and sale of intoxicating liquors shall be forever prohibited in this state, except for medical, scientific and mechanical purposes."

The legislature adopted in 1881 a statute which attempts to regulate the sale of intoxicating liquors for the excepted purposes. (Laws of 1881, ch. 128.) Section 2 of this statute reads:

"It shall be unlawful for any person or persons to sell or

barter for medical, scientific or mechanical purposes, etc., without having procured a druggists' permit therefor from the probate judge of the county," etc.

And the section further on provides that the probate judge is authorized to grant such permit to certain persons, who in his judgment "can be intrusted with the responsibility of selling said liquors for the purposes aforesaid, in the manner hereinafter provided." "The manner hereinafter provided" is explained in section 4: "Any druggist having a permit, etc., may sell for medical purposes only upon the written or printed prescription of a practicing physician, duly signed by such physician, and who has made and filed the affidavit mentioned in the preceding section."

Section 7 uses this language: "Any person without taking out and having a permit to sell intoxicating liquors, etc., shall be deemed guilty of a misdemeanor."

The statute is so plain and direct that we think the question is settled thereby that the legislature did not intend to exempt physicians from its operation. If the legislature had intended to exempt physicians, it could easily have done so. The method and the means of regulating the sale of intoxicating liquors for the excepted purposes mentioned in the constitution must be referred to the wisdom and discretion of the legislature. The various provisions of the enacted statute all tend to show that the legislature had no intention to permit physicians, druggists, or any other person, to sell intoxicating liquors for the excepted purposes " without first having procured a druggists' permit therefor from the probate judge." *Ita lex scripta* — so the law is written. We cannot make the law, nor by judicial construction change or modify its terms so as to legalize sales which are expressly prohibited. (*Woods v. State*, 36 Ark. 36; *Wright v. People*, 101 Ill. 126; *State v. Hall*, 39 Me. 107; *State v. Brown*, 31 id. 523; *Commonwealth v. Sloane*, 58 Mass. 52.)

Counsel refer to the statutes of several states forbidding the sale of intoxicating liquors, which contain no exceptive provisions, and cite decisions from those states to the effect

that the legislatures of those states must be presumed to have left the necessity of saving life and curing the sick to operate as an implied exception to the general terms of the statutes. (*Thomason v. State*, 50 Ind. 449; *State v. Mitchell*, 28 Mo. 563; *State v. Larimour*, 19 id. 391; *State v. Wray*, 72 N. C. 253.) Some of these cases are in conflict with the previous decisions of this court. While the old dramshop act regulating the sale of intoxicating liquors was in force, this court decided that druggists had no right to sell intoxicating liquors, even for medical purposes, without license. (*City of Salina v. Seitz*, 16 Kas. 143.) But the decisions cited by the defendant are not applicable to the present case, because there is embodied in the statute of this state a specific provision made for the sale of intoxicating liquors for medical purposes, and the statute is bristling all over with provisions tending to show that it was in the mind of the legislature, at the time the statute was adopted, to forbid physicians and all other persons from selling or bartering intoxicating liquors for medical purposes, without first having procured a permit. Physicians are specially referred to in the statute, and are prohibited from even prescribing intoxicating liquor as a medicine to a patient, unless they make and file with the probate judge of the county where they practice their profession, an affidavit in the terms prescribed by the statute. (Laws of 1881, ch. 128, § 3.)

Again, said section provides:

"Any physician who is regularly engaged in the practice of his profession as a business, and who, in cases of actual sickness, shall deem any of the liquors mentioned in the first section of this act necessary for the health of his patient, may give such patient a written or printed prescription therefor. But no such prescription shall be made or given except in case of actual sickness, and when, in the judgment of such physician, the use of intoxicating liquor is necessary as a remedy. . . . Every physician, or person assuming to act as such, who shall make a prescription for any intoxicating liquors without having made and filed the affidavit in this section provided, or who shall, after making and filing such affidavit, violate any of the provisions of this act, shall be deemed guilty of a misdemeanor."

It is very true that the evil sought to be remedied by the statute is the use of intoxicating liquors as a beverage, and that this purpose interprets the law. (*Intoxicating-Liquor Cases*, 25 Kas. 751.) But the idea of prohibition as embraced in the statute is the absolute destruction of the use, as a beverage, of intoxicating liquors. To accomplish this, the legislature has seen fit to throw severe restrictions around the administering of liquors even as a medicine. It has attempted thereby to prevent the excepted sales from becoming the ways and means of rendering the statute abortive. Whether the legislature has acted wisely, it is not for us to say. For the law, the legislature and not the courts is responsible. It is clearly indiscreet to prosecute transactions like the one charged in the complaint; but the defendant had no right to administer liquor as a medicine contrary to the provisions of the statute.

The ruling and judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views expressed.

All the Justices concurring.