STATE OF MISSOURI, RESPONDENT, v. JOHN STELL, APPELLANT.*

Kansas City Court of Appeals. February 11, 1929.

*Corpus Juris-Cyc References: Criminal Law, 17CJ, section 3662, p. 317, n. 10; section 3690, p. 342, n. 94; Intoxicating Liquors, 33CJ, section 30, p. 503, n. 30; section 81, p. 528, n. 58; section 198, p. 585, n. 10; section 547, p. 791, n. 47; Statutes, 36Cyc, p. 1074, n. 37; p. 1078, n. 43.

*Joseph R. Palmer* for respondent.

*N. T. Cave* and *Creech & Creech* for appellant.

BARNETT, C.—Appellant was convicted in the circuit court of Callaway county on a charge of unlawfully possessing intoxicating liquor. The State's evidence was to the effect that defendant was arrested in Troy, Missouri, while standing in front of a restaurant. A deputy sheriff arrested him under a warrant based on a charge of an offense other than the one before us. The defendant removed from his pocket a small quantity of whisky in a half pint bottle and handed it to one of the officers. At the trial the whisky was produced and certain officers testified that in their opinion the liquor was a good grade of "moonshine;" that it had the appearance of bonded whisky, but did not smell like bonded whisky.

The defendant's evidence was to the effect that he had procured a prescription for a pint of whisky for medicinal use from Dr. A. A. Gossow, a duly licensed and practicing physician; that he caused said prescription to be filled at the drug store of H. B. Kienker, in the city of St. Charles, Missouri. The druggist testified that he had filled the prescription and produced his record, which showed that the prescription had been filled on the day that the defendant was arrested. The record of the county court of St. Charles county, Missouri, was introduced in evidence and showed that Dr. Gossow was authorized to write prescriptions for intoxicating liquor. Defendant testified that he had poured a part of the liquor which he had procured from the druggist into a half pint bottle and had added lemon soda for the purpose of reducing the proof of the liquor in accordance with the instructions given him by the physician, and that he had purchased the liquor along with other medicines for medicinal use. The prescription was introduced in evidence. It was written upon a blank prepared by the United States Internal Revenue officers according to the authority vested in them by the National Prohibition Act. It stated that the name of the patient was John Stell, and there was a notation thereon "tablespoonful diluted every three hours." The prescription did not state the name of the disease or malady for which the liquor was prescribed nor that it was prescribed as a necessary remedy. In rebuttal the State introduced in evidence the report of Dr. A. A. Gossow which had been filed with the clerk of the county court of St. Charles county,

Missouri; which report stated that the physician had issued a whisky prescription to defendant on June 24, 1927, the day following the arrest of the defendant. The defendant objected to the introduction of this report on the ground that the report of the doctor could not impeach his written prescription, and on the ground that the report was hearsay evidence and was an act of the doctor not done in the presence of the defendant. This objection was overruled. The court gave to the jury instruction No. 5 concerning which no objection is made in this court. It is the usual main instruction covering the essential elements of the case.

The court also gave instruction No. 6 of its own motion, over the objections and exceptions of defendant, which is as follows:

"Six—The jury are instructed that although you may find and believe from the evidence in this case that the defendant Stell bought the intoxicating liquor found in his possession at Troy, in Lincoln county, Missouri, on the 23rd day of June, 1927 (if you find it was so found), from a registered and licensed druggist in St. Charles, Missouri, on a physician's prescription for intoxicating liquor issued to the defendant Stell, yet if you further believe and find from the evidence beyond a reasonable doubt that said intoxicating liquor was bought by defendant merely for beverage purposes and was possessed, kept and so used by him outside of his private residence, then the fact that he bought said intoxicating liquor on a physician's prescription constitutes no defense whatever to the charge in this case; and if you find the other facts as required in instruction No. 5 given herewith on part of the State, then you should find the defendant guilty as charged and-assess his punishment as provided and set forth in said instruction No. 5."

The defendant offered instructions numbered "E" and "F," both of which were refused by the court. They were as follows:

"E—The court instructs the jury that although you may find and believe from the evidence that defendant did have and possess the intoxicating liquor, namely, whisky, introduced in evidence by the State, yet, if you find and believe from the evidence that said whisky or intoxicating liquor was prescription liquor and that said liquor was obtained by defendant on a prescription duly issued by a doctor authorized by law to write prescriptions for whisky, and that said prescription was filled by a druggist authorized by law to fill prescriptions for whisky, then you are instructed that the possession of such whisky was not unlawful, and you must find a verdict acquitting the defendant."

"F—The court instructs the jury that even if you do find and believe from the evidence that the contents of the bottle of which defendant had possession was moonshine, hootch or corn whisky or a mixture of whisky and moonshine, hootch or corn whisky, yet, if you

find and believe from the evidence that contents of the bottle was obtained by defendant from a druggist duly authorized to fill whisky prescriptions on a prescription written by a physician duly authorized to write prescription for whisky, then your verdict must be in favor of defendant and you will find him not guilty.''

The appellant in this court assigns as error the giving of instruction No. 6, the refusal of instructions ''E'' and ''F,'' and the action of the court in admitting the report of the physician to the county court, reciting the date when he had issued a prescription to defendant.

It is not claimed by appellant that there was not sufficient evidence to submit the case to the jury under instruction No. 5.

We are of the opinion that the evidence offered by the defendant to the effect that the whisky in question was obtained under a prescription from a licensed physician was unavailing as a defense. The prescription was written upon a blank prepared by Federal officers under the authority vested in them by the National Prohibition Act. The Federal law provides that no physician shall prescribe liquor unless after careful examination of the person for whose use such prescription is sought, or after such examination is found impracticable, then, upon the best information obtainable, he, in good faith, believes that the use of such liquor as a medicine by such person is necessary and will afford relief to him from some known ailment. However, there is no provision in the Federal statute that the prescription shall state that it is procured as a necessary remedy, nor that it shall state the name of the disease or malady for which such liquor is prescribed. Therein it differs from the law of the State of Missouri.

Section 6592, Revised Statutes 1919, makes it unlawful for a licensed physician to issue a prescription for ethyl alcohol or wine without the name of the person for whom such liquors are prescribed written thereon, *together with the name of the disease or malady for which such liquor is prescribed.*

Section 6592A, Laws of 1921, p. 417, provides that nothing in the act shall be so construed as to prevent or prohibit any reputable, licensed physician, having authority or permit to prescribe ethyl alcohol or wine, from prescribing in lieu thereof any intoxicating liquor susceptible of use as a beverage, or to prevent or prohibit any druggist from possessing such intoxicating liquors; and in all such cases the physician writing such prescriptions, the person for whom such prescription is written, and the druggist filling same, shall be subject to the same rules and regulations and to the same penalties and restrictions as provided in this act for the prescription and sale of ethyl alcohol and wine.

Section 13, Laws of 1923, p. 240, provides that a druggist, pharmacist, or proprietor of a drug store, holding a permit under the laws of this State, may sell or give away ethyl alcohol, whisky or wine on a written prescription obtained from a regularly practicing physician only when such physician shall state in such prescription the name of the person for whom the same is prescribed and that such ethyl alcohol, whisky or wine is *prescribed as a necessary remedy.*

It therefore appears that the physician violated the law of the State of Missouri when he issued the prescription and that the druggist violated the law when he filled it. The prescription showed upon its face that it was unlawfully issued and could not be lawfully filled. The defendant is charged with knowledge of this part of the law as he is with knowledge of the fact that it is a crime to possess intoxicating liquor without any prescription at all.

We are of the opinion that the giving of Instruction No. 6 was harmless. It told the jury that if they believed that the defendant bought intoxicating liquor merely for beverage purposes, then the fact that he bought liquor on a physician's prescription constitutes no defense. The jury was not authorized to go outside the evidence and speculate as to whether or not the whisky was bought on some prescription other than that mentioned in the evidence. As that prescription afforded him no protection because of its invalidity, he is in no position to complain.

The instructions ''E'' and ''F'' which were offered by defendant and refused by the court were drawn upon the theory that the defendant was not guilty if he obtained the whisky in question on a prescription issued by a licensed physician and filled by a licensed druggist. Both of these instructions were properly refused for the reason that the prescription was void. The defendant was not harmed by the introduction in evidence of the report of Dr. A. A. Gossow, in which he recited that he had issued a prescription to the defendant, not on the 23rd day of June, but on the 24th day of June, the day after the defendant was found in possession of the whisky. The only effect of this evidence was to destroy the effect of defendant's evidence that he obtained the whisky by virtue of the prescription. The effect of that evidence was already destroyed by the invalidity of the prescription.

The prescription was not in substantial compliance with the law. The requirement that the prescription designate the disease for which the liquor is prescribed is very important. It enables the officers of the law to investigate the facts which will demonstrate the good or bad faith of the physician in issuing prescriptions for intoxicating liquor.

The evidence introduced by the defendant might have constituted a good defense had the defendant been prosecuted in the Federal

court; but neither the adoption of the Eighteenth Amendment of the Federal Constitution, nor the enactment of the National Prohibition Act curtailed the power of the State of Missouri to regulate or prohibit the use or possession of intoxicating liquor. [State v. George, 243 S. W., 948, and authorities there cited.]

It has always been held that a State has power to prohibit the sale of intoxicating liquor, even when it is to be used only as medicine. [Carl v. State, 89 Ala. 93; Stelle v. State, 77 Ark. 441; Chipman v. People, 24 Colo. 591; Chapman v. State, 100 Ga. 311; State v. Fleming, 32 Kans. 588; State v. Brown, 31 Ma. 520; People v. Belle, 170 Mich. 675; Commonwealth v. Sloan, 4 Cush. 62; State v. Dalton, 101 N. C. 680; State v. Thornburg, 16 S. C. 482; Druggists' Cases, 85 Tenn. 449; Griener-Kelly Drug Co. v. Truett, 97 Tex. 377; State v. Chandler, 15 Vt. 425.]

The judgment of conviction is affirmed. *Lee, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.

## ON MOTION FOR REHEARING.

BARNETT, C.—On motion for rehearing appellant has suggested that section 10, Laws of Missouri of 1923, page 239, repeals section 6592, Revised Statutes 1919, by implication. It is true that section 10 enacts substantially the same provisions as section 6592, except that it does not provide that it shall be unlawful for the physician to issue the prescription without the name of the disease or malady for which the liquor is prescribed written thereon. It is generally held that there must be a plain, unavoidable repugnancy before the courts will hold that a later act of the Legislature repeals a former act by implication. If both acts can, by any reasonable construction, be construed together, both will be sustained. On the other hand, it is held that when the later act covers the whole subject of the earlier acts and embraces new provisions, and plainly shows that it was intended as a substitute for the earlier acts, and was intended to cover the whole subject, then it operates as a repeal by implication of all former statutes relating to the subject-matter even, if the former acts are not in all respects repugnant to the new act. It is plain that section 10 of the Act of 1923 is not inconsistent with the provision of section 6592, Revised Statutes 1919, requiring the name of the disease or malady for which liquor is prescribed to be written upon the prescription. If the statute of 1919 is repealed it is upon the theory that the later statute was intended to cover the whole subject and prescribe the only rule applicable to the subject-matter. It has been

held that where the later act expresses the extent to which it is intended to repeal prior laws, as by a clause repealing all laws in conflict therewith, it excludes any implication of a more extended repeal. [Great Northern R. Co. v. U. S., 155 Fed. 945, affirmed in 208 U. S. 542.]

Section 10 of the Act of 1923 did not repeal section 6592, Revised Statutes 1919, for two reason: First, the Act of 1923 did not purport to be a complete scheme for enforcing prohibition in the State of Missouri. It repealed certain sections of former acts and added certain new provisions which rounded out the legislative policy. Second, the Act of 1923 by section 29 thereof, specifically designated the former sections of the statute which were repealed, but did not designate section 6592 as one of the repealed sections. *Expressio unius est exclusio alterius.*

The contention of appellant that the effect of the opinion heretofore rendered in this case would be to permit a conviction of one who had obtained liquor upon a prescription without knowing that the prescription was invalid is without merit. There is nothing in the opinion which suggests that a blind man who obtained a prescription from a licensed physician and presented it to a licensed druggist might not make the defense that he was ignorant of the fact that the prescription was invalid and rely upon the presumption that it was properly issued; nor that a sick person might not rely upon his physician who had prescribed whisky as a remedy to file a proper prescription with a licensed druggist and assume, when the whisky was delivered at his sickbed, that the prescription had been properly filled by the druggist.

The motion for rehearing is overruled. *Lee, C.,* concurs.

PER CURIAM:—The foregoing opinion on rehearing by BARNETT, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.