## FROMER v. THE STATE.

MOTION FOR NEW TRIAL.—*Evidence.*—Where the admission of evidence objected to is not assigned as a cause in a motion for a new trial, the ruling cannot be questioned in the Supreme Court.

COSTS.—*Number of Witnesses.*—The Supreme Court will not presume, from the mere fact that seven witnesses were subpœnaed to prove a person's habit of intoxication, material to the issue, that the process of the court was abused.

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing*, for appellant.

*C. A. Buskirk*, Attorney General, and *R. D. Doyle*, for the State.

BIDDLE, J.—Prosecution commenced before a justice of the peace against the appellant, for selling intoxicating liquor to a person who was in the habit of getting intoxicated. Conviction and fine before the justice. Appeal to circuit court. Conviction and fine in the circuit court. Appeal to this court. Acts 1873, p. 151.

In the circuit court, the appellant moved to quash the affidavit. It does not appear in the record that any objection to the affidavit was pointed out to the circuit court, and we can perceive none.

An objection was made by the appellant to the introduction of certain evidence on the trial, and overruled by the court; but as this ruling was not made one of the causes for a new trial, the question is not before us.

The appellant is confident that the evidence does not sustain the finding. We think it does. Every material allegation necessary to constitute the offence is proved beyond reasonable doubt.

It appears that certain witnesses, seven in number, whose names are given, were subpœnaed to prove that the young man to whom the liquor was sold was a person who was in the habit of getting intoxicated, and the appellant moved the court "to strike four of the last names mentioned from such taxation."

'The record does not show what taxation, or whether any, was made. We cannot presume, because seven witnesses were summoned to prove that the person was in the habit of getting intoxicated, that, therefore, the process of the court was abused. For anything the record informs us, each witness might have testified to different facts, at different times and different places, all separately tending to prove the averment that the person was in the habit of getting intoxicated. We must presume in favor of the rulings below. *Leyner* v. *The State,* 8 Ind. 490.

The appellant makes some other points in his brief which were not made below, and therefore cannot be noticed here.

The judgment is affirmed.