By the Court.—Sedgwick, Ch. J.
The action was for damages for personal injuries caused, as the complaint alleged, by the negligence of the appellant.
The appellant’s co-defendant was a street railway, using horses, and called the South Ferry Railway Company. It had a terminus at or near the corner of Church street .and Vesey street. In Church street at the terminus, a turn-table was inserted. In the ordinary course of things a car would go upon this turn-table. Passengers would step from th'e platform of the car to the sidewalk. The car would then be turned. In turning, the platform of the car would move over the sidewalk, over-reaching a distance of two or three feet.
The plaintiff had been a passenger on a car of the company. She had alighted on the sidewalk. The car had been so negligently turned that the platform had struck *500 her before she could move a safe distance. She had been knocked down and received severe hurts.
There is no doubt that the company was liable. The question on this appeal relates to the liability of the city. The act incorporating the company (Laws 1874, p. 697), provided, “that said railway shall be subject to such reasonable rules and regulations as the common council of the city of New York, from time to time, may prescribe.”
The city charter (Laws 1873, chap. 335), provided that the common council shall have power to regulate the use of streets by cars, etc., to regulate the use of sidewalks, to prevent encroachments upon and obstructions to streets, and to authorize and require the commissioners of public works to remove the same, but they shall have no power to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk “except the temporary occupation thereof during the erection, etc., of a building, etc.”
The learned counsel for the respondent claims, that using the sidewalk as a place over a part of which the platform of the cars would move, was an obstruction or an encroachment of the sidewalk, as it was continuous, although intermittent, to the constructive knowledge of the city. It is not necessary for the purposes of this decision to deny the validity of the position.
The further argument is that under the statutes that have been cited, it was the duty of the city to have made some regulation or to have required that the company should not operate its road so as to involve the moving of the platforms of cars over the sidewalk.
Whatever power or duty the city had or was under, neither was of a kind that could impair the statutory right of the company. The complaint and the charter show that the company had a right to the terminus at or near Church and Vesey streets. The city at the most, could only regulate the enjoyment of. their right. The complaint did not suggest the case, nor did any claim of *501 the plaintiff upon the trial, that the city had the power to prevent the use of a turn-table at all, or what would have been the same in effect, of cars to be drawn by one horse or that did not need to be turned. The case does not present the point. The proposition is that the city should not have allowed the incumbrance of the sidewalk.
As to this, it must be said that the city was forced to yield to the right of the company to have the turn-table at some point there, either in the roadway so far that in turning, the platform would not be at all over the sidewalk, or at a point nearer the sidewalk. In either case, there would be an obstruction of the highway. The sidewalk has no right to a freedom from encroachment superior to the streekway’s right. The city was called upon to exercise a discretion of a judicial nature as to the place where the obstruction should be. This exercise of discretion cannot be reviewed by a court.
I further think these considerations are not relevant to the case here, as it appears that the company had a right to a turn-table either where it was, or at some other place in the streekway. The accident did not happen because the place where the plaintiff alighted was a sidewalk. It would have happened if the turn-table had been so far from the curb, that the plaintiff would have stepped upon the streekway.
For these reasons, the city was not liable in this action.
Judgment reversed and new trial ordered with costs to abide event.
Freedman, J., concurred.