WILLIAM H. WEAVER, Respondent, v. WILLIAM W. HAVILAND, Individually and as Administrator, etc., of PHEBE HAVILAND, Deceased, Appellant.

*Creditor's action — Statute of Limitations — adequate remedy at law, as a defense to an equitable action.*

In applying the Statute of Limitations to a judgment creditor's action based on the ground of fraud, sections 1871 and 1872 of the Code of Civil Procedure, which prescribe when a creditor's action may be maintained, section 380, which prescribes the period after a cause of action has accrued within which an action must be commenced, and subdivision 5 of section 382, which states when a cause of action in an equitable action on the ground of fraud is deemed to have accrued, must be construed together.

By force of said sections of the Code of Civil Procedure, the plaintiff's cause of action, in a creditor's action based on the ground of fraud, is not deemed to have accrued until the discovery of the fraud by the plaintiff or the person under whom he claims, nor until after the recovery of a judgment against the judgment debtor in the State of New York, and the return of an execution thereon unsatisfied.

Although the plaintiff in such a creditor's action, or the person under whom he claims, may have discovered the fraud, and recovered a judgment in another State against the judgment debtor, before the recovery of a judgment in this State, the Statute of Limitations does not begin to run against a creditor's action in the State of New York until the plaintiff, or the person under whom he claims, has recovered a judgment against the judgment debtor in this State.

In a creditor's action against a person, other than the judgment debtor, based upon a judgment for damages for a misrepresentation by the judgment debtor as to the amount due on a mortgage assigned to the person under whom the plaintiff claimed, the defendant insisted, on appeal, that the person under whom the plaintiff claimed had a complete remedy at law, against which the Statute of Limitations had run, for the reason that the defendant did the entire business on the assignment of the said mortgage and personally received the money therefor, and that, consequently, an action could have been maintained against him to recover back the overpayment; no such facts, however, were found by the trial judge.

*Held,* that the General Term would not be justified, under its practice of not going outside of the findings for the purpose of discovering testimony upon which to reverse a judgment, or under the record in the case, in supplying findings of fact that would show that such an action at law could have been maintained against the defendant.

That as the answer contained no allegations showing the existence of an adequate remedy at law against the defendant from the time that the money was paid over upon the transfer of the mortgage, and that the Statute of Limitations had run thereon before the present action was commenced, that defense was not available to the defendant.

APPEAL by the defendant, William H. Haviland, individually and as administrator of the estate of Phebe Haviland, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Ontario county on the 3d day of November, 1892, upon a decision of the court rendered at the Ontario Special Term.

*J. B. Backentose,* for the appellant.

*George D. Reed,* for the respondent.

HAIGHT, J. :

This action was brought to recover certain funds in the hands of the defendant, and to set aside a conveyance of real estate on the ground that the same was made in fraud of the rights of creditors. The facts found by the trial court are in substance as follows :

On the 17th day of September, 1878, Almond Haviland died,

leaving a last will and testament, in which he bequeathed all of his real and personal estate to his wife, Phebe Haviland, during the term of her natural life. The property devised and bequeathed by him consisted of a house and lot in the village of Geneva and a certain mortgage upon premises in the State of Michigan, executed by Henry S. Weaver and wife. On the 13th day of April, 1880, Phebe Haviland sold and assigned the mortgage to one John D. Fish. At the time of making such sale she represented to Fish that she was the sole owner of the mortgage, and to induce the purchase thereof by him falsely and fraudulently represented that there was due and unpaid upon it the sum of $2,600, whereas, in fact, there was due and unpaid the sum of only $2,100. Thereafter Fish brought an action against her in the State of Michigan, where the assignment of the mortgage was made, to recover damages for the false and fraudulent representations made by her to him, and, upon the 9th day of June, 1881, duly recovered a judgment therein for the sum of $454.64 damages and $50.36 costs. Thereafter he brought an action against her in this State upon the judgment so recovered in the State of Michigan, and on the 9th day of March, 1886, recovered a judgment that was entered in the Ontario county clerk's office, for $667.47 damages and costs. An execution was issued thereon to the sheriff of that county, it being the county in which she resided, and the same was returned wholly unsatisfied. And before the commencement of this action the judgment was by Fish, with all his rights and equities arising thereon, duly assigned and transferred to the plaintiff. On the 2d day of June, 1881, seven days before the recovery of the judgment against her in the State of Michigan, she conveyed to the defendant all of her interest in the house and lot devised to her by her deceased husband and transferred to him all of the moneys received by her from Fish upon the transfer of said mortgage. That such conveyance and transfer were without consideration, and were made with the fraudulent intent to place the property out of her hands so that the same could not be reached upon said judgment. That the defendant did not claim to be the owner of the mortgage when the same was assigned to Fish, or did he ever claim to own the same until after the recovery of the judgment hereinbefore specified. Upon the conclusion of the trial of this action and after the parties had rested, the defendant's counsel stated

that the plaintiff, on the proofs, would be entitled to recover were it not for the Statute of Limitations. The trial court thereupon found as a conclusion of law, that six years had not elapsed since the plaintiff's right of action accrued, and ordered judgment in favor of the plaintiff for the relief demanded.

This action was commenced on the 13th day of February, 1892, and, as we have seen, the judgment upon which this action is founded was recovered on the 9th day of March, 1886. Six years, therefore, had not elapsed since the recovery of that judgment and the return of the execution thereon.

The right of the plaintiff to maintain this action did not accrue until after the recovery of the judgment against Mrs. Haviland in this State and the return of the execution thereon unsatisfied. (Code Civ. Pro. §§ 1871, 1872.)

Section 380 of the Code provides that "The following actions must be commenced within the following periods *after the cause of action has accrued*."

Section 382, subdivision 5, "An action to procure a judgment, other than for a sum of money, on the ground of fraud, in a case, which on the 31st day of December, 1846, was cognizable by the Court of Chancery. The cause of action, in such a case, is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

These provisions must be construed together, and so construed it follows that the plaintiff's cause of action is not deemed to have accrued until the discovery of the fraud by him, or by the person under whom he claims, and not until after his right to maintain the action has accrued by the recovery of the judgment against Mrs. Haviland in this State and the return of the execution thereon unsatisfied. (*Gates* v. *Andrews*, 37 N. Y., 651; *Eyre* v. *Beebe*, 28 How. Pr. 333.)

The cause of action herein is one covered by the subdivision of the section above quoted.

The conclusion of the trial court was, therefore, correct and should be sustained.

It is contended that the plaintiff, or Fish, his assignor, had a complete remedy against the defendant against which the Statute of Limitations had run. That at the time the mortgage was trans-

ferred to Fish, the defendant did the entire business and personally received the money upon the mortgage, and that consequently an action could have been maintained against him to recover back the amount of the overpayment, if any.

The defendant has alleged in his answer that he was the owner of the mortgage and entitled to the proceeds thereof, and that he did all of the business in reference to the transfer to Fish. But the difficulty with his position is that no such facts are found by the trial court or requested to be found, and it is not the practice of this court on review to go outside of the findings for the purpose of discovering testimony upon which to reverse a judgment.

It is true that the testimony of the defendant as taken before the referee in supplementary proceedings, instituted upon the return of the execution, tends to show that he personally transacted the business with Fish in Michigan. But this we regard as in conflict with the findings of the trial court in this action and also that of the court which rendered the judgment in the State of Michigan. In this action it is found that, in order to induce the purchase of the mortgage by Fish, Phebe Haviland falsely and fraudulently represented that there was due and unpaid upon the mortgage the sum of $2,600, and that she transferred to the defendant the moneys received by her upon the transfer of the mortgage with the intent to place the same out of her hands so that the same could not be reached upon the judgment then about to be recovered against her by Fish. In the action brought in Michigan it was alleged that the mortgage was purchased of her and that she represented that there was at that time due the sum of $2,600, and that Fish, the plaintiff in that action, relying on such statement by her, paid to her that sum and took an assignment from her of the mortgage. And upon the trial these facts were found true as appears from the judgment therein entered.

It is, therefore, not apparent that a cause of action at law could have been maintained by Fish against the defendant immediately after the transfer of the mortgage to Fish. Certainly no such action could have been maintained under the findings of the trial court as they stand. And we would not be justified, under the practice or upon the record before us, in supplying findings of fact that would show that such an action could have been maintained.

We have not omitted a careful examination of the allegations of the complaint. In none of them have we found an allegation that the defendant transacted the business with Fish, or that Fish paid the money for the assignment of the mortgage to him. The allegation that Phebe Haviland turned over all of the avails of the mortgage to the defendant at the time of the assignment does not establish the fact that Fish paid to him, or knew that he received the money.

The answer contains no allegation to the effect that Fish had an adequate remedy at law against the defendant from the time that the money was paid over upon the transfer of the mortgage, and that the Statute of Limitations had run thereon before this action was commenced.

We think, therefore, this defense is not available to the defendant. (*Ostrander* v. *Weber*, 114 N. Y. 95 ; *The Town of Mentz* v. *Cook*, 108 id. 504.)

The judgment should be affirmed, with costs.

All concurred.

Judgment appealed from affirmed, with costs.