### HIGGINS v. CROUSE.

(Supreme Court, General Term, Fourth Department. September, 1893.)

LIMITATION OF ACTIONS—DISCOVERY OF FRAUD.

In an action to rescind a sale of corporate stock, made in 1865, for fraud, plaintiff claimed that, as he did not discover the fraud until 1889, he had a right of action under Code Civil Proc. § 382, subd. 5, providing that in an action based on fraud, other than for a sum of money, the cause of action is not deemed to have accrued until the discovery by plaintiff of the facts constituting the fraud; but there was evidence that no dividends or assessments were made on the stock; that plaintiff was a business man, residing in the same city as the officers of the corporation; that at any time he could have ascertained by inquiry when the company stopped work; and that he was satisfied in 1871 that he had lost his money. *Held*, that the delay of plaintiff from 1871 to 1889 showed a want of reasonable diligence, and that the action was barred, as the statute of limitations began to run from the time when knowledge of the fraud ought, by reasonable diligence, to have been obtained. 17 N. Y. Supp. 696, followed.

Appeal from special term, Onondaga county.

Action by Alfred Higgins against Jacob Crouse to rescind a sale of corporate stock, and to recover the price thereof. From a a judgment for plaintiff, defendant appeals. Reversed.

When the plaintiff rested, the defendant moved for a nonsuit upon several grounds, which was denied in the following language: "I think this case should go to the court of appeals. I will deny the motion." The defendant took an exception. A similar motion was made at the close of the evidence, and an exception taken. Several requests to find were refused by the trial judge, and exceptions to the refusals, and also to the findings as made, were filed. Plaintiff's complaint alleges that the defendant perpetrated a fraud upon him in 1865, in making representations as to 150 shares of the capital stock of the Shaffer Farm Oil Creek Company of Pennsylvania, sold by the defendant to the plaintiff for the sum of $1,200, and seeks to have that sale set aside and canceled, and to recover of the defendant the $1,200, and interest thereon. The answer contained denials, and a defense of the statute of limitations.

Argued before HARDIN, P. J., and MERWIN and PARKER, JJ.

Waters, McLennan & Waters, for appellant.

T. K. Fuller, for respondent.

PER CURIAM. Upon a former appeal the question relating to the statute of limitations was examined, and an opinion delivered which is found reported in 63 Hun, 134, 17 N. Y. Supp. 696. No additional evidence, sufficient to take the case away from the principle laid down in the decision made upon the former appeal, was given. It is therefore the duty of this court to adhere to the decision made then, and, applying it to the case before us, it leads to a new trial. See Higgins v. Crouse, 63 Hun, 134, 17 N. Y. Supp. 696; Foot v. Farrington, 41 N. Y. 164; Weaver v. Haviland,

68 Hun, 376, 22 N. Y. Supp. 1012; Corn v. Rosenthal, (Com. Pl. N. Y.) 2 N. Y. Supp. 700.  Judgment reversed, on the law and facts, and a new trial ordered, with costs to abide the event.