CITY OF PHILADELPHIA v. ATLANTIC & P. TELEGRAPH CO.

(Circuit Court, E. D. Pennsylvania. January 14, 1904.)

No. 340.

1. NEW TRIAL—VERDICT AGAINST WEIGHT OF EVIDENCE—PRIOR DECISION OF APPELLATE COURT.

Where a judgment of a Circuit Court, based on a verdict directed by the court, was reversed by the Supreme Court on the ground that under the evidence the question at issue should have been submitted to the jury, the trial court is not warranted in setting aside a verdict for the same party, found by the jury on a subsequent trial on substantially the same evidence.

At Law. On motion for new trial.

For former opinion, see 109 Fed. 55.

James Alcorn and John L. Kinsey, for plaintiff.
Read & Pettit, for defendant.

J. B. McPHERSON, District Judge. The litigation concerning the question involved in this case has been carried on for a good many

years.  In Philadelphia v. Western Union Telegraph Co. (C. C.) 40 Fed. 615—the first reported decision of the series—the circuit court for this district decided that the license fee sought to be exacted by the city from the telegraph company for the years 1886, 1887, and 1888 in respect of its poles and wires, under the two ordinances that lie at the foundation of the present suit, was excessive and unreasonable. The city seems to have acquiesced in this decision, but brought suit afterwards, under the same ordinances, against the same defendant, for the years 1889 and 1890.  A verdict was directed in favor of the telegraph company for the same reason that controlled the previous decision of the court.  This ruling was held to be erroneous, however, by the Circuit Court of Appeals (89 Fed. 454, 32 C. C. A. 246), Mr. Justice Shiras delivering the opinion of the court, on the ground that evidence should have been received by the trial judge to the effect that additional expense had been imposed upon the city in providing more fire companies and apparatus because of the electric wires suspended in the streets; and upon the further ground that evidence should have been received concerning the expense that the city had been obliged to incur in connection with the meetings of councils for the purpose of regulating the erection of wires and poles.  What finally became of this suit I am unable to say, but substantially all the questions then raised were raised again in the action now before the court, which is brought, not against the Western Union Telegraph Company directly, but against a corporation that owns one of its leased lines.  Obeying the instructions of the Circuit Court of Appeals, the question of reasonableness was submitted to the jury upon the first trial of the present case, and a verdict was found in favor of the city for part of its claim.  The judgment was reversed, however, by the Circuit Court of Appeals (102 Fed. 254, 42 C. C. A. 325), mainly upon the ground that the jury were not warranted in finding that the full amount of the charge was not justified by the evidence concerning the increased expenditures of the city by reason of the poles and wires upon the streets, and that the court should have so instructed the jury.  Upon the second trial, the evidence was a substantial repetition of the evidence previously given, and accordingly the trial judge, in obedience to the direction of the Court of Appeals, directed a verdict in favor of the city for the full amount of its claim.  Thereupon the telegraph company took a writ of error directly to the Supreme Court of the United States, a constitutional question being involved, and the judgment of the Circuit Court was again reversed, but now upon the opposite ground, namely, that the question of reasonableness should have been submitted to the jury.  Atlantic, etc., Co. v. Philadelphia, 190 U. S. 160, 23 Sup. Ct. 817, 47 L. Ed. 995.  Upon the third trial, the question was submitted in accordance with the opinion of the Supreme Court, and the verdict is again in favor of the city.  It is this verdict that I am asked to set aside, substantially for the reason that the weight of the evidence is in favor of the defendant, and that both ordinances, or at all events one of them, should have been found to be excessive and unreasonable.  In view of the Supreme Court's decision, however, I do not see how I can take the action desired by the defendant, unless I am prepared to say that no verdict shall stand except a verdict in its

favor. This I cannot say, in the face of the following language, which may be found in the opinion of the court:

"The reasonableness of this license charge being tried before a jury, the parties were entitled to a finding of the jury upon that question of fact, unless the testimony was such as to compel a decision one way or the other, in which case the court might be justified in directing a verdict. After a careful review of the evidence, we are constrained to believe that it was not such as to exclude any other conclusion than that directed by the court. We do not hold that it was not sufficient to sustain a finding by the jury to that effect, but simply that there were matters presented from which a jury might rightfully conclude that the ordinance and license charges were unreasonable."

After stating in some detail what matters are thus referred to, the court goes on to say:

"Now, the comparison of all this evidence, the determination of its weight and effect, and whether the charge made by the city for supervision was reasonable or not, should have been left to the jury. * * * It might have come to the conclusion that the charge was not made simply to meet the expenses of supervision, but rather to make a charge so burdensome as to compel the company to remove its wires from the poles and put them in conduits. * * * We think, therefore, the court erred in withdrawing the case from the jury."

"Before concluding, we repeat that we are not intending to express any opinion as to the effect of the testimony as a whole, or to intimate what the verdict of a jury ought to be, nor do we mean to imply that there must be satisfactory evidence of the actual cost of supervision. All we mean to decide is that there was sufficient testimony to go to the jury and obtain its judgment whether the ordinance passed by the city and the charges imposed thereby were, considering all the circumstances of the case, reasonable or oppressive."

This language can only mean, I think, that there was enough evidence in the case to support a verdict for either party; and, if I am correct in thus interpreting the utterances of the court, I should not be justified in substituting my own judgment for the judgment of the jury.

The case of Postal Telegraph Co. v. Borough of Taylor, 24 Sup. Ct. 208, decided by the Supreme Court of the United States on January 4, 1904, is not in conflict with the case from which I have just quoted. It is true that the license fee imposed by the ordinance of the borough upon the telegraph company was of the same amount as the charge now in question—$1 for each pole, and $2.50 for each mile of wire— and that this fee was declared to be excessive, and therefore void; but the reasons given for this conclusion show clearly the essential difference between the two cases. Upon the trial now being reviewed there was at least as much evidence in favor of the city as was contained in the record upon which the foregoing remarks of the Supreme Court are predicated, while in the borough's case the facts that were averred in the company's affidavit of defense, and were admitted to be true by a motion questioning their sufficiency, showed beyond question that the fee was grossly excessive, that the borough did not inspect the poles and wires at all, had spent no money whatever upon this account, and was merely pretending to levy a license fee, while its real object was to levy a tax for the purposes of revenue. The following quotation from the opinion of the court, delivered by Mr. Justice Peckham, may be contrasted with the language which has been extracted

from the opinion in Atlantic & Pacific Telegraph Co. v. Philadelphia, supra:

"We come, then, to an examination of the question whether this fee, in the light of the admitted facts set forth in the affidavit of defense, can, by the widest stretch of imagination, be regarded as reasonable. The borough is, where the poles are planted and the wires stretched, sparsely settled, and the danger to be apprehended from neglect in regard to the poles and wires is reduced to a minimum. The borough has in fact done nothing in the way of inspection or supervision during the time covered by the license in question. It has not expended one dollar for any such purpose. It has incurred no liability to pay any expenses arising from inspection or supervision on its behalf. The fee itself is twenty times the amount of expense that might have been reasonably and fairly incurred to make the most careful, thorough, and efficient inspection and supervision that might have been made of such poles and wires, and for all reasonable measures and precautions that possibly could be required to be taken by the borough for the safety of its citizens and the public. This is not a mere expression of opinion. It is the averment of a fact. The company knows the amount it costs for the inspection, which it avers is made by its own servants, and which it avers is a most careful and efficient inspection, one intended to place and maintain the poles and wires in perfectly safe and satisfactory condition. Knowing that cost, and comparing it with the amount demanded under the ordinance, it is enabled to state as a fact, and not as a mere opinion, that the amount of the license fee exacted under the ordinance is as stated, twenty times more than it ought to be to secure a reasonable, efficient, and most careful inspection, as set forth in the affidavit mentioned. * * *

"When we come to an examination of the grounds upon which this kind of a tax is justifiable, and when we find that in this case each one of those grounds is absent, how is it possible to uphold the validity of such an ordinance? To uphold it in such a case as this is to say that it may be passed for one purpose and used for another—passed as a police inspection measure and used for the purpose of raising revenue; that the enactment as a police measure may be used as a mere subterfuge for the purpose of raising revenue, and yet because it is said to be an inspection measure the court must take it as such, and hold it valid, although resulting in a rate of taxation, which, if carried out throughout the country, would bankrupt the company were it added to the other taxes properly assessed for revenue and paid by the company. It is thus to be declared legal upon a basis and for a reason that do not exist in fact.

"We think the court is not bound to acknowledge an ordinance such as this to be valid in face of the facts stated in the affidavit of defense. Confessedly there has been here no inspection, no expense incurred to provide for one, even though not made, and all expenses and liabilities that might fairly and reasonably be incurred on the part of the borough are not one-twentieth of the amount it exacts for an inspection which it has not made. Under such facts it would seem to be plain that the ordinance was adopted as a means for the raising of revenue, and not to repay expenses for inspection.

"Judging the intention of the borough by its action, it did not intend to expend anything for an inspection of the poles and wires, and did intend to raise revenue under the ordinance. Courts are not to be deceived by the mere phraseology in which the ordinance is couched when the action of the borough in the light of the facts set forth in the affidavit shows conclusively that it was not passed to repay expenses or provide for the liabilities incurred in the way of inspection or for proper supervision."

A new trial is refused.