WELLIHAN *v.* NATIONAL WHEEL CO.

JUDGMENT OF SUPREME COURT — CONCLUSIVENESS ON SUBSEQUENT
TRIAL.

> Where the only material difference between the records on
> the first and second trials of an action is that the facts, which
> appeared by inference in the first, are clearly established in
> the second, the judgment of the Supreme Court on appeal in
> the first is conclusive. (*Wellihan* v. *National Wheel Co.*, 128
> Mich. 1.)

Error to Jackson; Peck, J.   Submitted February 3,
1904.   (Docket No. 68.)   Decided March 29, 1904.

Case by Michael Wellihan against the National Wheel
Company for personal injuries.   From a judgment for de-
fendant on verdict directed by the court, plaintiff brings
error.   Affirmed.

*Richard Price* (*Charles A. Blair*, of counsel), for ap-
pellant.

*Wilson & Cobb*, for appellee.

CARPENTER, J.   Plaintiff was an employé of the de-
fendant.   He was operating a spoke lathe.   While oiling
the lathe, defendant's foreman started it, and plaintiff was
injured.   Plaintiff contended that defendant was respon-
sible because its foreman started the lathe to ascertain
whether it was safe for use by the operator.   This issue
was once submitted to a jury, who rendered a verdict for
plaintiff.   This court reversed the judgment, on the ground
that there was no evidence that the foreman started the
lathe for the purpose of determining whether it was safe
for an operator to use it.   See 128 Mich. 1 (87 N. W. 75).
On the second trial the learned trial judge directed a ver-
dict for defendant.   We are asked to reverse that judg-

ment.   The sole question involved is this:   Does the case
made by the plaintiff on the second trial differ in any ma-
terial respect from that made on the first?

If there were any material distinction between the two
records, it would be easy to point it out in this opinion.
But it is not so easy to make clear our reasons for saying
that the two records, differing in many details, are yet
essentially the same.   We think it may be said that the
material difference between the two is this:  That certain
facts which appeared by inference in the first record are
clearly established in this.   It is unnecessary to say that,
when the case was here before, the court did not think
that these facts entitled plaintiff to recover; and we ad-
here to that holding.   Respecting the similarity of and
differences between the two records, we cannot do better
than quote from the learned and painstaking judge who
tried the case:

"And we return to the question with which we started,
whether there is evidence now that was not here before
that would justify the court in submitting that question
[the question of whether the foreman started the machine
to determine whether it was safe for operation] to the
jury.   As I said yesterday afternoon, there are some
things in the language of Mr. Wellihan which are not
identical with his language before.   There is more expla-
nation of certain details, and less of certain others; there is
more stress put upon certain features, and less upon cer-
tain others, than before; but it is the same thing in sub-
stance, and, in my judgment, the only variations which
the case can be said to present now from what it did before
are such as different inferences from the same substance.
* * *

"Many of the things in Mr. Price's [plaintiff's attorney]
statement, this morning, of the new features, I do not
think are new.   Many others of them are observations or
deductions from what was here then as well as now, but
are well stated, advantageously to the plaintiff, in Mr.
Price's statement.   Now, taking all deficiencies with this,
that the Supreme Court have held that I adopted the wrong
view, upon the other trial, in holding that the facts and
circumstances, including the testimony of the witnesses

then before us, would justify an inference by the jury that Edmonds [defendant's foreman] started 'that machine for the purpose of seeing whether it was a safe machine for operators to use— This might have been my own view upon that subject; that is not the view to be adopted. I am conscious that that view that I then entertained was incorrect, and the case is sent back to me for retrial in accordance with the corrected views as expressed by the Supreme Court, and I must try it that way, and I have tried in good faith to do so; and trying that way, applying the distinction to it, it is now my opinion that the case is substantially the same. * * * There is not sufficient variation or distinction between the case as now presented by the evidence and as it was presented by the evidence before * * * to justify me in submitting it to the jury."

The judgment is therefore affirmed.

MOORE, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.