WESTFALL v. WAIT ET AL.

[No. 20,447. Filed April 18, 1905. Rehearing denied October 24, 1905.]

1. COSTS.—*Reversal of Judgment.—Appeal and Error.—Statutes.* —Under §676 Burns 1901, §664 R. S. 1881, appellants are entitled to recover from appellees the costs of the appeal and of the trial below where the judgment of the trial court was reversed because of insufficient evidence. p. 355.

2. SAME. — *Witnesses. — Number.—Statutes.—Wills.*—Lay witnesses, detailing different acts of a testator as a basis for an opinion as to his sanity, do not testify to "the same fact" within §496 Burns 1901, §488 R. S. 1881, providing that the party calling more than three witnesses to prove "the same fact" shall pay the costs occasioned thereby. p. 356.

3. APPEAL AND ERROR.—*Trial.*—*Costs.*—*Evidence.*—Where a motion to tax costs is supported by affidavit and is met by counter-affidavits, the Supreme Court will not search the record of the trial to compare the testimony of the witnesses in order to overthrow the decision of the trial court on such motion    p. 356.

4. TRIAL.—*Witnesses.*—*Cross-Examination.*—*Evidence.*—*Wills.*— Where a witness testifies in chief to certain acts of the testator tending to show that he was of unsound mind, the opponent, on cross-examination, may extend the inquiry to any other acts of the testator and require witness's opinion of testator's sanity upon all of such acts.    p. 357.

5. TRIAL. — *Evidence.* — *Witnesses.*—*Cross-Examination.*—*Eliciting Evidence in Chief.*—Where evidence in chief was elicited on cross-examination, it will be considered harmless error unless it appears that its introduction at such time had a more damaging effect than if introduced in chief.    p. 358.

6. TRIAL.—*Verdict.*—*When Directed.*—Where the evidence, for the party having the burden of proof, wholly fails to establish his allegations, the court should direct a verdict for the other party.    p. 358.

7. APPEAL AND ERROR.—*Law of the Case.*—*Former Appeal.*—*Evidence.*—*Judicial Notice.*—The decision of a cause on a former appeal is the law of the case, and the court will take judicial notice of the records of such former appeal to compare the facts with those of a subsequent appeal.    p. 359.

8. SAME.—*Law of the Case.*—*Evidence.*—Where the evidence on a subsequent trial is substantially the same as on the former, the decision of the Supreme Court that such evidence was insufficient is *res judicata,* and where the additional testimony is merely cumulative, it does not take it out of the rule.    p. 359.

9. EVIDENCE. — *Declarations of Testator.* — *Undue Influence.* — Declarations of a testator, indicating restraint in certain acts, and not made at the time of the execution of the will in question, are admissible in an action to contest such will only on the question of unsoundness of mind.    p. 360.

From Marion Circuit Court (10,150) ; *John S. Berryhill,* Special Judge.

Action by Harriet Westfall against Joseph Wait and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*William V. Rooker,* for appellant.

*Samuel Ashby* and *William S. Christian,* for appellees.

MONTGOMERY, J.—This action was brought by appellant against appellees to contest the will of Clark Wait, deceased, and to revoke the probate of said will. A judgment in favor of appellant upon a former trial was reversed by this court for the reason that want of evidence rendered the verdict contrary to law. *Wait* v. *Westfall* (1904), 161 Ind. 648. The cause was remanded, and upon another trial the court directed the jury to return a verdict in favor of appellees, and upon that verdict the judgment was rendered from which this appeal is taken.

The assignment of errors calls in question the action of the court in taxing the costs of the former trial to appellant, and in refusing to tax to appellees the cost of lay witnesses in excess of three in number, who were subpoenaed by them, and testified only to facts upon which to express an opinion as to the mental condition of the testator, and in overruling appellant's motion for a new trial.

The former judgment was reversed at the cost of the appellee therein, and the mandate directed a retrial of the cause. Section 676 Burns 1901, §664 R. S. 1881, 1. provides that upon the reversal of a cause "the appellant shall recover costs in the Supreme Court, and in the court below, to the time of the first error for which the judgment is reversed." The reversal of this cause carried the parties back to the point where they were prior to the former trial, and carried with it all the costs of that trial. The appellants in that appeal, by virtue of the reversal obtained, were entitled to recover of appellee therein, all costs incurred and properly taxable in the lower court upon the former trial, and there was no error on the part of the court in rendering judgment as to costs accordingly. *Doyle* v. *Kiser* (1857), 8 Ind. 396; *Reed* v. *Thayer* (1857), 9 Ind. 157; *Winton* v. *Conner* (1865), 24 Ind. 107; *Eigenmann* v. *Kerstein* (1880), 72 Ind. 81; *Shoemaker* v. *Smith* (1885), 100 Ind. 40.

Section 496 Burns 1901, §488 R. S. 1881, provides: "If any party summon more than three witnesses to prove the same fact, he shall pay the costs occasioned by the additional number of witnesses, unless the court shall otherwise order." This statute does not apply to lay witnesses who detail facts and circumstances within their personal knowledge, upon which they may base an opinion as to mental condition, where such detailed facts and circumstances given by the several witnesses are not the same. It is a matter of common knowledge that such witnesses usually testify to different facts, occurring at different times and places, although tending to prove the same conclusion; and in such cases a party is not restricted by this statute to three witnesses, and chargeable with the costs occasioned by summoning any witnesses in excess of this number. *Fromer* v. *State* (1875), 49 Ind. 580.

Appellant's motion to tax the costs of witnesses in excess of three to appellees was supported by affidavit, and was met by counter-affidavits denying that more than three witnesses were summoned or used by appellees to testify to the same facts. The trial court, upon the issue of fact thus joined, found against appellant, and as the question is presented to us by the record we can not say that there was any error in this decision. This court will not search through the evidence contained in the general bill of exceptions, make comparisons, and thus retry this issue of fact, and determine whether the testimony of the witnesses named in the motion was in all respects the same. *Reader* v. *Smith* (1882), 88 Ind. 440; *Louisville, etc., R. Co.* v.*Dryden* (1872), 39 Ind. 393. No error in the taxation of costs being shown by the record, we must indulge the presumption that the action of the court below in this matter was proper and right.

Appellant's motion for a new trial embraced seventy-seven specifications or reasons, the first sixty-eight of which related to the admission and rejection of evidence, the next

seven to the giving of a peremptory instruction in favor of appellees, and the last two were, respectively, that the verdict is not sustained by sufficient evidence, and is contrary to law. It would be manifestly impracticable to treat each of the specifications in the motion for a new trial separately without extending this opinion beyond all reasonable bounds. We have examined each of the reasons relating to the admission and rejection of evidence assigned in the motion for a new trial, and find the larger number of them unimportant, and the rulings of the court with respect to the same proper.

A large number of the reasons urged for a new trial are founded upon an alleged abuse of the rules governing the cross-examining of witnesses. In these instances appellant introduced witnesses, for the obvious purpose of supporting the charge that the decedent, Clark Wait, was of unsound mind at the time of making the will in question, who testified to their acquaintance with him, and to certain acts and conversations of the testator, together with the attending circumstances. Upon cross-examination of these witnesses appellees were permitted to inquire more fully into the extent of their acquaintance with the decedent, and to bring out other facts and circumstances relating to his acts and conduct, the tendency of which was to disprove the charge that the testator was of unsound mind; and, finally, upon all the facts thus elicited, appellees were permitted to ask the opinion of the witnesses whether the testator was of sound or unsound mind.

It is a familiar rule of practice in this State that cross-examination must be confined to the subject-matter of the examination in chief; but when the direct examination opens on a general subject, the cross-examination may go into any phase of that subject, and can not be restricted to mere parts of a general and continuous subject which constitutes a unity. The general subject of the examination in chief of these witnesses was the testamentary capacity of

Clark Wait at the time of making the will in suit. The cross-examination was upon the same general subject, and was designed to meet and overthrow the effect upon the jury intended by the examination in chief, and to prevent the jury from drawing unwarranted inferences from the state-ments of the witnesses. It will not be necessary in this case to determine whether the cross-examination exceeded proper limits, inasmuch as that fact, upon the evidence elicited, would not constitute reversible error. Appellees were en-titled to make these witnesses their own, and to prove upon direct examination all the facts brought out upon cross-examination and objected to by appellant. The sum of the objection, then, is that evidence pertinent to the issue and proper in itself was admitted at a premature time and in an improper way. Appellant was al-lowed upon reëxamination of these witnesses to bring out all the details of the facts and statements to the admission of which objections were made. Ordinarily, where, as in this case, it does not appear that appellant's rights were affected by the admission of this evidence upon cross-exam-ination, in any manner or to any extent other than they would have been had the same evidence come in from the same persons, as appellees' witnesses, upon direct examina-tion, the error, if any error was committed, is harmless. *Osburn* v. *State* (1905), 164 Ind. 262, and cases cited.

The trial court directed a verdict in favor of appellees, and this is assigned and urged upon us as error. If the evi-dence was of such a character as to make it clear to the court that a verdict, if returned for appellant, upon whom the burden of the issue rested, could not stand, then it became the duty of the court to direct a verdict for appellees, and there could be no error in so doing. *Diezi* v. *Hammond Co.* (1901), 156 Ind. 583; *Dunnington* v. *Syfers* (1901), 157 Ind. 458; *Gregory* v. *Cleveland, etc., R. Co.* (1887), 112 Ind. 385; *Wolfe* v. *McMillan* (1889), 117 Ind. 587.

The question, then, is: Would a verdict in favor of appellant, upon the evidence in the record, have been contrary to law? Appellees insist that this question is *res adjudicata,* and must be answered in the affirmative.

Upon the former appeal of this case this court set out the evidence in a summary way, and held that it was insufficient to overthrow the will, and that the verdict in favor of appellant was contrary to law. Appellees claim that the evidence in the record upon this appeal is the same as that given upon the former trial, and held by this court to be insufficient, and that upon the principle of "law of the case" we are prohibited from again passing upon its sufficiency. This court may look into the record for the purpose of ascertaining what facts were before it on the former appeal, and to what extent the rule applies that the decision there made is the law of the case. *McKinlay* v. *Tuttle* (1872), 42 Cal. 570, 576; *Stanton* v. *French* (1891), 91 Cal. 274, 276, 27 Pac. 657, 25 Am. St. 174; *Plymouth County Bank* v. *Gilman* (1892), 3 S. Dak. 170, 52 N. W. 869, 44 Am. St. 782; 2 Ency. Pl. and Pr., 379.

The decision of this court upon the former appeal, that the evidence was insufficient to overthrow the will in suit, is the law of the case upon those facts; and if the evidence of the appellant, as shown by this record, was substantially the same upon a retrial of the cause, then we must hold the will valid as *res adjudicata.* *Dodge* v. *Gaylord* (1876), 53 Ind. 365; *Souders* v. *Jeffries* (1886), 107 Ind. 552, 555; *Illinois Cent. R. Co.* v. *Seitz* (1903), 111 Ill. App. 242; *West* v. *Douglas* (1893), 145 Ill. 164, 166, 34 N. E. 141; *Larkin* v. *Burlington, etc., R. Co.* (1894), 91 Iowa 654, 659, 60 N. W. 195; *Mynning* v. *Detroit, etc., R. Co.* (1888), 67 Mich. 677, 35 N. W. 811; *Euting* v. *Chicago, etc., R. Co.* (1904), 120 Wis. 651, 98 N. W. 944; *Todd* v. *Union, etc., Institution* (1891), 128 N. Y. 636, 28 N. E. 504; *King* v. *La Grange* (1882), 61 Cal. 221, 231; *Strickland* v. *Western, etc., R. Co.* (1903),

119 Ga. 70, 45 S. E. 721; *Plymouth County Bank* v. *Gilman, supra; Wellihan* v. *National Wheel Co.* (1904), 136 Mich. 233, 98 N. W. 1003; *City of Philadelphia* v. *Atlantic, etc., Tel. Co.* (1904), 127 Fed. 370.

Additional evidence which is merely cumulative will not take the case out of the rule and constitute a material change, where evidence of the same class and character upon the former appeal has been adjudged insufficient to prove the fact in controversy. *Lesser* v. *Boekhoff* (1889), 38 Mo. App. 445, 449; *Hickman* v. *Link* (1893), 116 Mo. 123, 125, 22 S. W. 472; *Higgins* v. *Crouse* (1893), 55 N. Y. St. Rep. 94, 95, 24 N. Y. Supp. 1080.

We have examined the record of the former appeal, and find the evidence in this record and in that substantially the same. At the last trial some witnesses upon the former trial were not called, and a few new witnesses were examined. The testimony of the additional witnesses was merely cumulative, and of the same general character and class as that given by other witnesses, and which this court in the former opinion held failed to show that the weird fancies entertained by the testator in any manner affected his will or furnished any ground for denying him the right to dispose of his property as he was pleased to do. We, therefore, hold that the question of testamentary capacity is *res adjudicata,* by virtue of the former decision upon substantially the same facts.

Appellant contends that the question of undue influence is not *res adjudicata,* inasmuch as the opinion upon the former appeal expressly eliminated that issue from consideration. Conceding this claim, we find no evidence upon the last trial upon that issue to support a verdict in favor of appellant. Some declarations of the testator were introduced, indicating constraint in certain acts of his; but this evidence was only competent upon the issue of unsoundness of mind, and did not tend to prove the undue influence charged. *Goodbar* v. *Lidikey* (1893),

Indiana, etc., Torpedo Co. *v.* Lippincott Glass Co.—165 Ind. 361.

136 Ind. 1, 8, 43 Am. St. 296; *Hayes* v. *West* (1871), 37 Ind. 21; *Todd* v. *Fenton* (1879), 66 Ind. 25, 32; *Vanvalkenberg* v. *Vanvalkenberg* (1883), 90 Ind. 433, 438; *Conway* v. *Vizzard* (1890), 122 Ind. 266.

The motion for a new trial was correctly overruled, and, no error appearing upon the record, the judgment is affirmed.