MERIDIAN LIFE AND TRUST COMPANY OF INDIANA *v.* HAY.

[No. 9,464. Filed December 18, 1917. Rehearing denied April 4, 1918. Transfer denied January 24, 1919.]

1. APPEAL.—*Subsequent Appeal.—Right of Review.—Waiver.*— Where a ruling was made prior to the first appeal of a cause, and the question arising thereon was not presented on that appeal, though it could have been by assigning cross-errors, appellant by failing to do so waived the right to present the question on the second appeal of the case. p. 230.

2. INSURANCE.—*Life Insurance.—Action on Policy.—Evidence.— Sufficiency.*—In an action on a policy of life insurance, where the defense interposed was that premiums for three years had not been paid so as to bring a nonforfeiture clause into operation, and that the amount of extended insurance provided for in the policy in certain contingencies was to be determined with reference to the net reserve value of the policy, and not the face value thereof, evidence *held* sufficient to sustain a judgment for plaintiff. pp. 234, 237.

3. APPEAL.—*Review.—Verdict.—Conclusiveness.*—Where there is any evidence tending to sustain the trial court's decision, it will not be disturbed on appeal for insufficiency of the evidence. p. 236.

4. APPEAL.—*Subsequent Appeal.—Law of the Case.*—Where appellant failed to obtain a finding in its favor upon the issue presented to avoid the appellate court's opinion in a former appeal, that opinion in effect controls the subsequent appeal. p. 238.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by Florence M. Hay against the Meridian Life and Trust Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John Weaver* and *Batman, Miller & Blair*, for appellant.

*Thomas J. Sare, J. E. Henley* and *R. H. East*, for appellee.

FELT, J.—This is the second appeal to this court in this case. *Hay* v. *Meridian Life, etc., Co.* (1915), 57 Ind. App. 536, 101 N. E. 651, 105 N. E. 919.

The complaint is in two paragraphs, each of which is based upon a policy of life insurance issued by appellant upon the life of appellee's deceased husband, William Hay.

The second paragraph upon which the parties rely as the basis for their several contentions alleges in substance that on December 23, 1904, appellee issued to William Hay a limited payment life policy for $5,000, and dated it back seven years to December 23, 1897, from which date twenty annual premiums were to be paid; that upon the issuance of such policy seven annual premiums due thereon were treated as paid and by the contract of insurance entered into by the parties were paid, so that upon the payment thereafter of thirteen annual premiums, each for the sum of $195.25, said policy would be kept in full force to maturity.

That said policy contained the following:

> "Nonforfeiture Provision: 'If after the premiums for three full years have been paid this contract shall be defaulted by reason of the nonpayment of any premiums, or other indebtedness to the company when due, the company, without

any action on the part of the insured, will continue this policy in force as paid-up non-participating term insurance for its full amount, from date of default without grace, for the term specified in the 'Table of Values' for 'Extended Insurance'; provided, however, that in case of death within three years from the date of such default the unpaid premiums shall be deducted from any amount then found to be due under the policy.' ''

That appellee was the wife of William Hay and the beneficiary named in said policy; that on September 12, 1908, said William Hay died, and prior to his death there had been paid to said company nine full annual premiums; that default had been made in the payment of the premium for the tenth year, and thereupon, under the aforesaid provisions of the policy, the insurance was extended for the full amount of said policy for the term of fourteen years and 150 days, and said policy was in full force and effect at the time of the death of said William Hay.

The paragraph contains other formal averments to show a right of recovery, which appear more fully in the opinion in the former appeal.

The complaint was answered by general denial and by three paragraphs of special answer.

The second paragraph of amended answer denies payment of nine annual premiums as alleged in the complaint, and avers that the premium paid when the policy was issued in 1904 was denominated the eighth premium, because the policy was dated back seven years; that none of the prior premiums were paid; that the insured paid the first and second premiums due on said policy in December, 1904 and 1905,

and executed his premium note for $176 for the third, due on June 23, 1907, which was not paid.

The answer contains a copy of the nonforfeiture clause aforesaid, and charges that the policy lapsed and became void on June 23, 1907, when said note became due, by default in the payment thereof.

The amended fourth paragraph of answer is substantially the same as the fourth paragraph set out in the original opinion in this case, beginning on page 540, to which reference is made. It contains copies of the nonforfeiture clause, the loan agreement, and the clause set out at the foot of the "Table of Values" referred to in the nonforfeiture clause, all of which appear in the original opinion in this case.

Appellant contends that the issue presented by the amended fourth paragraph is different from that presented by the fourth paragraph and considered in the former opinion; that such different issue is presented by reason of the averments in the amended answer to the effect that the extended insurance provided for in the policy is based upon the reserve of the policy, and not upon the face value of the policy; that the reserve of the policy in suit at the end of the ninth year, less the surrender charge, amounted to $873.50, which sum was the amount of the guaranteed insurance at the end of nine years, to be extended for fourteen years and 150 days, as provided in the annexed table of values upon default in payment of premiums after three annual premiums had been paid; that the total indebtedness against the policy aggregated $1,321.17. It is also averred that the policy contains the following provision:

"Indebtedness: Any indebtedness to the company on account of this policy will be deducted in any settlement under this policy."

It is then averred: "That if three full premiums had been paid on said policy at the time of said default in the payment of a premium, the insured would have been entitled to a settlement under the nonforfeiture provision for extended insurance." The answer also contains averments that the provision in said policy that it "is based upon the American Experience Table of Mortality and four per cent. interest and for the first year is term insurance," was intended by the parties to read "three and one-half per cent. interest." The answer goes into great detail of calculations and deductions to show the difference resulting from the alleged change in the rate of interest and alleged error in considering the face value of the policy, and charges that the indebtedness exceeded the reserve on the policy, and that the same lapsed and became void before the death of the insured for nonpayment of premiums, and that nothing was due thereon.

Appellant has assigned as error that the court erred in sustaining appellee's demurrer to the third paragraph of appellant's answer, and in overruling appellant's motion for a new trial. Other alleged "Errors relied on for reversal" constitute grounds for a new trial, when duly assigned, but are unavailing as independent assignments of error on appeal.

The first error assigned is not available on this appeal, because the ruling was made prior to the first appeal and the question was not presented to this court, though it could have been by assigning cross-errors. By failing so to do appellant has waived the right to present the question on the second appeal of the case. *Chicago, etc., R. Co.* v. *City of Bloomington* (1914), 182 Ind. 236, 238, 105

N. E. 561; *Stevens* v. *Templeton* (1910), 174 Ind. 129, 131, 91 N. E. 563.

Appellee contends that no questions are duly presented by appellant's briefs, and that, in any view that may be taken of the briefs, the law of the case is settled by the opinion of this court on the first appeal.

The briefs of appellant are subject to criticism, but by a liberal construction thereof we may consistently consider the question of the sufficiency of the evidence, and the charge that the decision is contrary to law, as presented under the assignment that the court erred in overruling appellant's motion for a new trial.

There is no claim in the briefs that appellee failed to prove the material averments of the complaint, but it is contended that the action is necessarily defeated by proof of the averments of the amended second and fourth paragraphs of answer.

Under "Points and Authorities" appellant makes the general statement that "the decision was not sustained by sufficient evidence and was contrary to law." Following this is the statement, "Under the second paragraph of answer," which is followed by two propositions, viz.: (1) "Only two annual premiums paid on the policy and the policy lapsed during the lifetime of the insured for failure to pay the third premium;" and (2) "neither the loan agreement nor the premium note constituted payment of a premium."

Following the statement in appellant's briefs, "Under the fourth paragraph of answer," several statements are made in substance that the policy in suit was not an ordinary twenty-payment life policy, was different from such policy, and had a larger reserve than an ordinary twenty-payment policy; that the

amount of the reserve on the policy at the time it was issued was slightly in excess of the indebtedness against the policy evidenced by the loan agreement; that the loan agreement was valid, was for the amount of the eighth mid-year reserve on the policy, and placed the insured in the same condition he would have been in had the policy actually been taken out by him seven years sooner; that the surrender value of such policy of life insurance cannot be based on the face of the policy, but is based on the reserve; that in case extended insurance becomes operative under such a policy the indebtedness must be deducted from the net value of the extended insurance; that in this instance the reserve was $873.50, but if figured on a four per cent. basis it would amount to $841.05; the indebtedness exceeded the reserve value of the policy and the insured was not entitled to any extended insurance because the policy lapsed for failure to pay a premium; that "in the light of the evidence the amount upon which the extended insurance was based was necessarily the reserve of the policy, less the surrender charge, and therefore the indebtedness clause was not ambiguous."

Appellant in its briefs makes extended argument to distinguish the issues presented by the amended second and fourth paragraphs of answer from those presented by the second and fourth paragraphs of answer before the court in the former appeal.

The two points most earnestly pressed and relied upon are that by the amended second paragraph of answer the issue is first presented that only two payments of premiums were actually made by the insured, and that by the amended fourth paragraph of answer the issue is presented for the first time

that the extended insurance provided for in the policy under certain conditions is based on the net reserve value of the policy, and not upon the face of the policy; that the policy is not ambiguous on that subject when viewed in the light of the evidence.

Following these propositions appellant contends that it conclusively appears from the evidence that three full premiums were not paid, and that the provisions for extended insurance therefore did not become operative, and the policy lapsed before the death of the insured; that if it be held that the provisions for extended insurance became operative before the death of the insured, for nonpayment of premiums, the valid indebtedness against the policy exceeded the amount of the authorized extended insurance under the provisions of the policy, and thereby extinguished any liability of the insurance company on the policy.

We have examined the record before this court on the former trial, and find that a general denial was filed to the complaint, and that three paragraphs of special answer were presented. A demurrer was sustained to the third and overruled as to the second and fourth, which paragraphs this court held insufficient, and directed the lower court to sustain the demurrers thereto.

On petition for rehearing appellant presented substantially the same questions that are now urged for reversal of the judgment rendered at the second trial, and the court gave them extended consideration.

In view of the averments of the complaint to which a general denial was filed and the averments of the answers passed upon by this court, there is much merit in the contention of appellee that the former opinion is the law of the case and controlling as to

the questions now relied upon for a reversal of the judgment. *Westfall* v. *Wait* (1905), 165 Ind. 353, 359, 73 N. E. 1089, 6 Ann. Cas. 788; *Alerding* v. *Allison* (1908), 170 Ind. 252, 258, 83 N. E. 1006, 127 Am. St. 363; *Nave* v. *Powell* (1916), 62 Ind. App. 274, 110 N. E. 1010, 1018.

But we are not passing upon the pleadings, but are called upon to consider the sufficiency of the evidence to sustain the decision of the trial court. There was additional evidence offered upon the second trial, and upon this phase of the appeal only we have decided to consider the question as one not controlled by the former opinion.

The policy, the loan agreement executed by the insured, when the policy was issued, the application, the receipts for the premiums for the years 1904 and 1905, and the note executed for the premium payable on December 23, 1906, and due June 23, 1907, were in evidence. There was no dispute as to the death or the proofs thereof as alleged.

The new evidence consisted of the testimony in the nature of expert evidence, and tended to show that the policy was not an ordinary twenty-payment policy, and that the amount of the extended insurance provided for therein in certain contingencies was to be determined with reference to the net reserve value of such policy, and not with reference to the face value of the policy.

The original second and fourth paragraphs of answer were received in evidence. Among the averments of the fourth paragraph are the following: "That said commuted premium plan was used only in connection with the dated-back policies that the company was then issuing and which was applied for

in said application; that the issuance of the policies of this plan was invariably and uniformly conditioned upon the commution of the premiums for the years that the policy was antedated, the insured in all such cases being required to execute a loan agreement representing said premiums for the years said policy was antedated; that said loan agreement was always for a less sum than the total of the premiums for the years that the policy was antedated, the difference being due to the fact that the risk had not been carried during the said seven years and the defendant had been put to no expense on account thereof during that period; that it was for these reasons that said contract and policy of insurance was known as a policy upon the commuted premium plan.

"That said loan agreement was the only consideration received by this defendant for the seven years that said contract and policy of insurance was dated back and that at the time of the issuance of said policy and as a consideration of the execution of said loan agreement it was agreed by and between the parties that said contract and policy of insurance should be dated back from said 23rd day of December, 1914, thereby securing the plaintiff's decedent, William Hay, insurance at a lower premium than he could otherwise have secured;  *  *  *  that the sum named in said loan agreement above set forth, represents the premiums for the period that said policy was dated back, less the expense of carrying said insurance for said period of seven years; that this defendant has never received from said William Hay or from any other person, any payment upon said loan agreement either of principal or interest and that both the principal and accrued interest of said

loan agreement are an indebtedness outstanding against said policy and a lien upon the same within the terms thereof.''

The nonforfeiture clause above set out appears on the second page of the policy in large type, and on the third page in the same sized type there appears the following:

"Indebtedness.

"Any indebtedness to the company on account of this policy will first be deducted in any settlement under this policy.''

The table of values referred to in the nonforfeiture clause also appears on the second page of the policy in large plain letters and figures.

As shown in the former opinion at page 543, and also on page 549, at the foot of this table, in very fine print, there is the provision which appellant contends compels its interpretation of the insurance contract.

We are content to abide by the view of these provisions expressed in the former opinion. The new evidence was intended to remove the ambiguity existing in the contract of insurance. The trial court heard and considered all the evidence, and in effect held that the evidence showed appellant liable for the amount of the policy less the valid indebtedness against it.

3. If there is any evidence tending to sustain the decision, this court under well-established rules will not disturb it on appeal.

This court construed the instruments evidencing the contract of insurance, and held them to be ambig-

uous.   Applying the well-established rule for
2.   construing such contracts, the court declared
as a matter of law what the contract of insur-
ance was upon which the minds of the contracting
parties met.   The instruments before the court and
such adjudication constitute some evidence tending to
support the decision of the trial court upon the sec-
ond trial.

Furthermore, the answers before the court on the
former appeal are now in evidence and tend to con-
tradict the present contentions of appellant.   In ap-
pellant's brief it states that the former answer erro-
neously alleged that the loan agreement "represents
the premiums for the period that said policy was
dated back, less the expenses of carrying said insur-
ance for said period of seven years," when it should
have alleged that it represented the reserve of the
policy.   In its principal brief appellant states that:
"Under this testimony there is no ambiguity in the
language of the indebtedness clause contained in the
table of values.   *   *   *   The question is one of
fact and it would seem that undisputed testimony of
the highest type as to such fact would govern.   If
*amount upon' which the above guaranties are based'*
can reasonably mean either of two amounts in view
of the whole contract, then the language is ambigu-
ous.   The evidence shows it cannot."   These state-
ments show that appellant's theory is that the amend-
ed paragraphs of answer presented to the trial court
a question of fact, to be determined from the evidence;
that this question of fact was presented to remove the
ambiguity this court declared to exist in the writings
which constitute the insurance contract.   The expert
testimony tended to sustain the construction of the

policy for which appellant contends, but it is by no means conclusive. This proposition is emphasized by the rule of construction declared and followed in the former opinion. It thus appears that the result of this appeal is the same whether the decision on the former appeal be held to be the law of the case as to all questions sought to be presented on this appeal, or whether the amended answers be considered as above indicated.

The trial court decided the questions of fact against appellant. There is some evidence to sustain the decision.

Appellant having failed to obtain a finding in its favor upon the issue presented to avoid the for-

4.    mer opinion, that opinion in effect controls this appeal, and compels an affirmance of the judgment.

We have considered all the questions that are duly presented by the briefs. Judgment affirmed.

All concur except Batman, P. J., who did not participate in the decision.